PATRICK W. CROWE

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL LAW—*indictment for libel.* An indictment for libel is substantially good which charges that the defendant on, etc., unlawfully and maliciously contriving and intending to villify and defame A, B and C, and to bring them into public scandal and disgrace, etc., unlawfully and maliciously did compose, print and publish, and cause and procure to be composed, printed and published in a newspaper printed and published at, etc., called, etc., a certain false, scandalous, malicious and defamatory libel of and concerning the said A, B and C, and of and concerning each of them, containing therein among other things the false, malicious, defamatory and libelous words and matters following, that is to say: "Now, my worthies, A, B and C, a beautiful trio you are,—three *as mild-a-mannered and smooth tongued scoundrels as ever scuttled ship or cut a throat,*" concluding in the usual form.

2. DEMURRER TO EVIDENCE—*its office.* The office of a demurrer to evidence is to withdraw a case on trial from the jury and present to the court in a formal manner such facts as were actually proved, and such other facts as the evidence before the jury tended to prove, for the purpose of obtaining the judgment of the court as to their legal sufficiency to establish the plaintiff's charge or claim as against the defendant.

3. SAME—*what it must contain and admit.* When the facts are controverted, if the defendant seeks to withdraw the case from the jury by a demurrer to the evidence, he must admit not only the established facts, but also all such facts as the evidence tends or conduces to establish. When properly framed the court has nothing to do with the facts, but only to apply the law.

4. If in a civil case the plaintiff is compelled to join in a demurrer to the evidence which does not contain an admission of all facts which the evidence or circumstances tend to prove, it will be error, and he should except to the

ruling of the court and preserve the exception, together with the evidence, in a bill of exceptions.

5.  But if the plaintiff in such a case takes issue thereon, and refers the facts as well as the law to the decision of the court, the court may or may not pass upon the whole case, depending upon the particular circumstances of each case.  If the merits of the controversy are substantially presented by the demurrer, the court may properly decide the case, including questions of fact as well as law, but if it is so inartificially drawn and the facts or evidence are so improperly stated as to leave the rights of the parties doubtful, then the court should not pass upon the merits of the case, and to do so would be error.

6.  A demurrer to evidence should state facts and not the evidence which tends to prove those facts, and where the evidence is oral and merely tends to prove or disprove some important fact or facts in issue, the demurrer should not set out the evidence, but the fact or facts it tends to establish, and if it does not it is informal and insufficient, and the plaintiff is not bound to join in such demurrer.

7.  Where a demurrer to the evidence in a criminal case, in which there was a joinder, failed to set out the facts themselves and the evidence of such facts, and showed affirmatively that the most important evidence before the jury and which was indispensable to a conviction was omitted in the statement, it was held that the court erred in passing upon the case.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. N. NILES, for the plaintiff in error.

Mr. GEO. W. BROCKHAUS, State's attorney, for the People.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an indictment against plaintiff in error for libel, found at the April term, 1877, of the circuit court of St. Clair county.

The indictment contained three counts, but, with slight differences in phraseology in the introductory part of the counts, they were substantially the same.

The libelous matter complained of, as charged in the first count of the indictment, is substantially in these words:

That the defendant, Patrick Crowe, on the 21st day of March, A. D. 1877, at and within the county of St. Clair and

State of Illinois, unlawfully and maliciously contriving and intending to villify and defame John Eimer, Edward Abend and Philip Schuck, and to bring them into public scandal and disgrace, etc., unlawfully and maliciously did compose, print and publish, and cause and procure to be composed, printed and published in a newspaper printed and published at Belleville, in the said county, called the " Daily Independent," a certain false, scandalous, malicious and defamatory libel of and concerning the said Eimer, Abend and Schuck, and of and concerning each of them, containing therein among other things the false, malicious, defamatory and libelous words and matters following, that is to say : " Now, my worthies, Eimer, * * Abend, * * and Schuck, * * a beautiful trio you are,— three *as mild-a-mannered and smooth tongued scoundrels as ever scuttled ship or cut a throat.*" There were other words set out in the indictment, but not being of a libelous character or in any sense qualifying the words above stated, they are omitted.

At the same term of court a motion to quash the indictment was made and overruled, and the action of the court in overruling the motion to quash is one of the errors relied on for a reversal. No specific objections were pointed out to the indictment, either in the court below or here, and seeing none ourselves we are of opinion the court committed no error in overruling the motion to quash the indictment.

The defendant filed two pleas, namely : one of not guilty, and the other of justification. Issues were formed upon both these pleas, and on the 14th of February, 1878, the case was submitted to a jury.

After the defendants in error had rested, the plaintiff in error declined offering any evidence, and thereupon filed in the case a certain paper, which was entitled in the cause, and marked by the pleader " demurrer to evidence," which, after reciting the empanneling of the jury, proceeds and gives the examination and testimony of Edward Abend, a witness who was introduced, sworn and examined on behalf of the people.

The testimony of the witness is confined almost exclusively to the identification of a copy of the newspaper said to contain the libelous matter, the original manuscript also said to contain the same libelous matter, and some three letters which were shown to be in the handwriting of plaintiff in error. This statement or demurrer to evidence also showed the various questions that were raised by the parties pending witness' examination, and the rulings of the court upon the same.

It is further shown, that the papers above mentioned as having been identified by the witness were read to the jury, but neither the original manuscript, nor the statement published in the "Daily Independent," nor the letters written by the accused, were embodied or set out in the demurrer. Nor do these documents, or any of them or their contents, otherwise appear in the record.

It further appears therein, that the original manuscript as written by the accused had been altered, and that the most important portion of the libelous matter as published was written by one N. Niles, and there is nothing in the evidence showing that Niles was authorized by the accused to make this alteration in the original manuscript. Probably the letters which were identified as in the handwriting of the accused, and put in evidence before the jury, were intended for that purpose; but for the purpose of determining the guilt or innocence of the accused, neither the letters nor any of the documentary evidence above mentioned were before the court below,—nor can they be considered here, for they nowhere appear in the record before us.

It also further appears from this statement, that somewhere between a week and a month prior to this libelous matter appearing in the "Daily Independent" the plaintiff in error had removed from St. Clair county to Peoria, this State, about one hundred and fifty miles distant, and nothing anywhere appears to show what if any agency he had in sending the manuscript, as written by him, to Belleville, or how it ever reached the office of the "Daily Independent."

To this manifestly imperfect and partial statement of the evidence there was subjoined a formal demurrer to the facts therein stated, by plaintiff in error, and joinder in demurrer by defendants in error.    Upon issue being thus joined the case was, by order of the court, withdrawn from the jury and the jury discharged.

The office of a demurrer to evidence is to withdraw a case on trial from the consideration of the jury and present to the court, in a formal manner, such facts as were actually proved, and such other facts as the evidence before the jury tended to prove, for the purpose of obtaining the judgment of the court as to their legal sufficiency to establish the plaintiff's charge or claim as against the defendant.

Where a demurrer to evidence is properly framed there can never be any doubt as to any material fact upon which the rights of the parties depend.

Under our system of jurisprudence, in common law, civil suits or proceedings either party has the right to have all controverted facts tried by a jury, and in criminal prosecutions either party has the right to have all questions of law as well as fact tried in like manner, and any practice or system which would be a practical denial of these rights would not be legal or binding.    Hence it is a well settled rule, that in every case where the facts are controverted, if the defendant seeks to withdraw it from the jury by a demurrer to the evidence he must admit not only the established facts, but also all such facts as the evidence tends or conduces to establish.    If he were permitted to demur to the evidence so long as there was any dispute as to the facts, and the plaintiff could under such circumstances be compelled to join in the demurrer and thereby compel the plaintiff to have the controversy about the facts decided by the court, it would in effect be depriving the plaintiff of the constitutional right to have his case tried by a jury.

Where, therefore, a demurrer to evidence is properly framed, the court has nothing in the world to do in settling the facts. They are already settled, and the only duty devolving on the

court is to apply the law. Where the evidence is all documentary there can never be any difficulty or controversy with respect to them, for if there is no question as to their genuineness when produced in evidence they must speak for themselves, and the court alone is to determine their legal effect. But where the evidence is oral, and is, as is generally the case, a mere narration of a variety of circumstances tending to prove or disprove some of the material facts in issue, it may be a matter of some difficulty to determine whether the defendant has embodied in his demurrer to the evidence all the facts which the circumstances detailed by the witnesses tend to establish.

But the difficulty is not in the rule. That is plain enough. The trouble lies in the application of it. If, in a civil case, the plaintiff is compelled to join in a demurrer which does not contain an admission of all facts which the evidence or circumstances tend to prove, it would be error. And in such case plaintiff should except to the ruling of the court, and preserve the exception together with the evidence in a proper bill of exceptions, so that the ruling of the court may be reviewed in a court of error.

But if the plaintiff in such case, instead of refusing to join in demurrer, as he would undoubtedly have the right to do, takes issue thereon, and thereby refers the facts as well as the law to the decision of the court, the court may or may not pass upon the whole case, depending upon the particular circumstances in each case. If, upon examining the evidence set out in the demurrer, it appears that the merits of the controversy are substantially presented by it, the court might properly decide the case, including questions of fact as well as law. But if, on the other hand, the demurrer is so inartificially drawn and the facts or evidence are so improperly stated as to leave the rights of the parties doubtful, then the court should not pass upon the merits of the case, and to do so would be error. *Gibson et al.* v. *Hunter*, 2 H. Black. 187 ; *Dormady* v. *State Bank of Illinois*, 2 Scam. 236.

The case before us falls directly within the principle laid

down in the cases just cited.   It would indeed be difficult to conceive of a demurrer to evidence more defective and unsatisfactory than the one before us.   As we have already seen, a demurrer to evidence should state facts, and not the evidence which tends to prove those facts; and where the evidence is oral, and merely tends to prove or disprove some important fact or facts in issue, the demurrer should not set out the evidence, but the fact or facts which it tends to establish, and if it does so it is informal and insufficient and the plaintiff is not bound to join in such demurrer.

In the case before us the demurrer does not set out the facts themselves, nor the evidence of those facts.   It shows affirmatively that the most important evidence that went before the jury, and which was indispensable to a conviction, is omitted altogether in the statement of the evidence in the demurrer.

Under the circumstances it was error to render any judgment upon the demurrer.   The judgment of the court is reversed, the cause remanded, and a *venire facias de novo* awarded.

*Judgment reversed.*