# The Indianapolis and St. Louis Railroad Company
## v.
## Francis M. Link.

1. Demurrer to evidence—Joinder—Practice.—In order to authorize the court to take a case from the jury by demurrer to the evidence, all the facts which the evidence tends to prove must be admitted by the demurrer specifically. Where the evidence is uncertain, it is for the court to determine the sufficiency of the demurrer, as to whether or not it admits all the facts which the evidence tends to prove, and if in the judgment of the court it does so, the plaintiff will be required to join in demurrer, which if he refuses to do, judgment will go for the defendant.

2. Effect of joinder in demurrer.—When demurrer is joined, the admission of facts therein contained operates as a special verdict of the jury upon which the court gives judgment, according to the law of the case.

3. Insufficient demurrer—Practice.—Where the demurrer to evidence is insufficient, it will be treated as a nullity, and the judgment reversed, without reference to the question whether the party complaining of it had the right to call it in question or not.

Appeal from the Circuit Court of Edgar county; the Hon. C. B. Smith, Judge, presiding. Opinion filed February 3, 1882.

Mr. C. V. Jaquith and Mr. John T. Dye, for appellant; that an omission to ring a bell or sound a whistle will not render the company liable unless the injury resulted from such omission, cited Ill. Cent. R. R. Co. v. Phelps, 29 Ill. 447. O. & M. R. R. Co. v. Eaves, 42 Ill. 288.

Where cattle are running at large the railroad company is not liable for killing them, unless such killing was malicious: C. & M. R. R. Co. v. Patchin, 16 Ill. 198; G. W. R. R. Co. v. Thompson, 17 Ill. 131; Ill. Cent. R. R. Co. v. Goodwin, 30 Ill. 117.

The company is only responsible for a failure to exercise reasonable care: Ill. Cent. R. R. Co. v. Baker, 47 Ill. 295; R. R. I. & St. L. R. R. Co. v. Lewis, 58 Ill. 49; R. R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58.

Upon the rule as to a demurrer to the evidence: Phillips v

I. & St. L. R. R. Co. v. Link.

Dickerson, 85 Ill. 11; Thornton v. Bank of Washington, 3 Pet. 36; Schuchardt v. Allens, 11 Wall. 359; U. S. Bank v. Smith, 11 Wheat 171; Pauling v. U. S., 4 Cranch, 219; Fent v. T. P. & W. R. R. Co. 59 Ill. 349; Crowe v. The People, 92 Ill. 232; Griggs v. Seeley, 8 Ind. 264; Andrews v. Hammond, 8 Blackf. 540; Newhousen v. Clark, 60 Ind. 172; Baker v. Baker, 69 Ind. 399.

Messrs. SELLAR & DOLE, for appellee; that in a demurrer to the evidence the defendant admits the truth of the testimony and all fair inferences that can be drawn from it, cited Phillips v. Dickerson, 85 Ill. 11.

McCULLOCH, J.   On the trial of this cause in the court below, when plaintiff (now appellee) had closed his case in chief, the defendant (appellant here) interposed a demurrer to the evidence, which the court overruled, and defendant excepted.

The court thereupon rendered judgment in favor of appellee upon the cause of action, on the rendition of which judgment appellant also excepted.

At the commencement of the trial a jury was impaneled, but there seems to be no order of court either discharging the jury or in ruling the appellee to join in the demurrer, nor is there any such joinder.

In order to authorize the court to take a case from the jury by demurrer to the evidence, all the facts which the evidence tends to prove must be admitted by the demurrer specifically. It will not do to demur to the evidence generally, and then submit the same to the court to sift it out and see what facts the evidence tends to prove, for this is the office of the jury.   Where the evidence is uncertain, it is for the court to determine the sufficiency of the demurrer, as to whether or not it admits all the facts which the evidence tends to prove, and if in the judgment of the court it does so, the plaintiff will be required to join in the demurrer, which, if he refuses to do, judgment will go for the defendant.   When the demurrer is joined, the admission of facts therein contained operates as a special verdict of the jury, upon which the court gives judgment, according to the law of the case.   Tidd's Practice, 865; 1 Troubat & Haley s

Prac. 509; Dormandy v. State Bank, 2 Scam. 236; Gillam v. State Bank, Id. 245; Creach v. Taylor, 2 Scam. 277. This course of practice was not followed in this case, but the demurrer simply refers the court to the evidence in the following language: " Comes now the defendant by Jaquith, its attorney, and while admitting the truth of the facts above proved and all inferences properly to be drawn from them, says that the said testimony is not sufficient in law to enable said plaintiff to have and maintain his action, and recover against the said defendant herein, wherefore it prays judgment," etc.

This demurrer was therefore insufficient to bring the facts in the case before the court for its judgment. If it be argued that this is a point which can not be taken advantage of by appellant, the answer is that in giving judgment upon a demurrer to the evidence, it must go either for plaintiff or defendant. Had the judgment in this case gone for defendant, we would have been obliged to reverse it for the reason of the insufficiency of the demurrer; and should we now reverse the case on the ground that the evidence embraced in the demurrer shows no cause of action, we would necessarily have to give directions to the court below to give judgment on the demurrer against the plaintiff. This we can not do, but must treat the demurrer as a nullity, as was done in Crowe v. The People, 92 Ill. 231.

Appellant can not complain and does not complain of the action of the court in taking the case from the jury, for that was his own act; nor would we be inclined to regard with much favor any complaint he might make as to the insufficiency of the demurrer to the evidence. In treating of the matter, we have found a practical difficulty in our not being able, without sifting the evidence for the facts, to pronounce judgment for either party upon the demurrer.

The bill of exceptions, however, brings up all the evidence in the case, and from an examination thereof we are unable to see that appellee has succeeded in making out such a case as would have supported a verdict, had one been rendered in his favor. Treating the demurrer as a nullity, as we do, and looking into the entire record, we fail to see that appellee is entitled

to a judgment; and, therefore, without further discussing the evidence, we reverse the judgment and remand the cause with directions to the court below to award a *venire de novo.*

Reversed and remanded.