EDDY et al. v. EVANS.

(Circuit Court of Appeals, Eighth Circuit. October 2, 1893.)

No. 235.

1. RAILROAD COMPANIES—KILLING STOCK—CONTRIBUTORY NEGLIGENCE.
Owners of stock in the Indian Territory have a right to let them run at large, and it is not contributory negligence to turn horses loose to graze in the vicinity of a railroad track, upon which they stray and are killed.

2. SAME—NEGLIGENCE OF ENGINEER—BLOWING WHISTLE.
The failure of a locomotive engineer to blow the whistle on discovering stock upon the track, about 80 yards ahead, is sufficient to warrant a jury in finding negligence, although it appears that the air brakes were immediately applied.

3. TRIAL—INSTRUCTIONS—DIRECTING VERDICT.
A request for an instruction to return a general verdict for defendant is properly refused, if the evidence justifies a verdict for plaintiff in respect to any part of his claim.

In Error to the United States Court in the Indian Territory. Affirmed.

Clifford L. Jackson, for plaintiffs in error.

O. S. Moore, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This action was brought by John R. Evans, in the United States court in the Indian Territory, against George A. Eddy and H. C. Cross, as receivers of the Missouri, Kansas & Texas Railway Company, to recover $150 damages for two horses killed by the alleged negligent operation of an engine on the defendants' road. There was a trial before a jury, and a verdict and judgment for the plaintiff, and the defendants sued out this writ of error.

The first assignment is that the court refused to direct a verdict for the defendants. Whether the horses were killed through the negligent operation of the defendants' engine was a question of fact for the jury, whose verdict this court cannot set aside, if there was any evidence fairly tending to support it. Railroad Co. v. Stout, 17 Wall. 657; Insurance Co. v. Ward, 140 U. S. 76, 81, 11 Sup. Ct. Rep. 720; Railway Co. v. Ives, 144 U. S. 408, 417, 12 Sup. Ct. Rep. 679; Railroad Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. Rep. 748; Railway Co. v. Jarvi, (8th Circuit,) 10 U. S. App. 439, 3 C. C. A. 433, 53 Fed. Rep. 65; Railroad Co. v. Foley, 53 Fed. Rep. 459; Railroad Co. v. Ellis, (8th Circuit,) 10 U. S. App. 640, 4 C. C. A. 454, 54 Fed. Rep. 481.

It was the duty of the engineer to keep a careful lookout for stock on the track, and, when it was discovered, to use all reasonable means to avoid injuring it. The engineer testifies that the horses were run into about midnight; that his engine was 50 feet from the first horse, when he saw it; and the testimony of other witnesses tends to show that the second horse was 65 yards further from the engine than the first,—that being the distance between their dead bodies, as they lay by the side of the track, where they were killed. The engineer testifies he applied the air brake, but he did not blow the whistle, and he gives no reason or excuse for not doing so. It was the duty of the engineer to sound the whistle, as well as to apply the brake; and the jury might well infer that, if the proper alarm signals had been sounded when the horses were first discovered, or ought to have been discovered, the horse furthest from the engine could and would have got off the track. Whether the jury were justified in drawing the same inference as to the first horse, we need not inquire, for the reason that the instruction asked applied to both horses; and it was not error to refuse it, if the case, as to either horse, should not have been taken from the jury.

We have repeatedly decided that the owners of stock in the Indian Territory have a right to let them run at large, and that, when stock stray upon a railroad track, they are not trespassing. The court, therefore, did not err in refusing to instruct the jury that it was contributory negligence for the plaintiff to turn his horses loose to graze in the vicinity of the railroad track.

The judgment of the court below is affirmed.