VALETTE R. ROCKHILL, Appellee, *vs.* THE CONGRESS HOTEL COMPANY, Appellant.

*Opinion filed December 15, 1908.*

1. APPEALS AND ERRORS—*a certificate of importance may be granted in case of fourth class tried by municipal court.* Under section 119 of the Practice act of 1907, providing that the Appellate Court may make a certificate of importance and grant an appeal in any case decided by that court in which an appeal or writ of error from the Appellate Court to the Supreme Court is not allowed by such act, the Appellate Court may make a certificate of importance and grant an appeal in a case of the fourth class, which by the Municipal Court act can be reviewed only by writ of error sued out of the Appellate Court.

2. INN-KEEPERS—*loss of goods by guest raises presumption of negligence by inn-keeper.* An inn-keeper owes the duty and assumes the obligation of safely keeping the property of his guests, and, if the property is lost, all that is necessary to make out a *prima facie* case is to show the relation of inn-keeper and guest and the loss, when the burden is then cast upon the inn-keeper to exonerate himself.

3. SAME—*when Inn-keeper's act has no application.* Compliance by an inn-keeper with the provisions of the Inn-keeper's act

affords no protection against the loss of a hand-bag containing valuable articles, including jewelry, which was delivered by a departing guest to the porter sent by the inn-keeper to take charge of her baggage, and which was lost through the negligence of such porter or other servants of the inn-keeper.

4. SAME—*question of how much property can be kept in room by guest is one of fact.* Under the proviso to the Inn-keeper's act, that nothing contained in the act shall apply to such an amount of money and valuables as is usual, common and prudent for a guest to retain in his room or about his person, the question whether the valuables retained by a guest in his room in a particular case come within such proviso is one of fact, and is not raised by a demurrer to the evidence in a suit to recover for the loss of such valuables.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. W. N. GEMMILL, Judge, presiding.

GOODRICH, VINCENT & BRADLEY, (JOSEPH M. GRIFFEN, of counsel,) for appellant.

W. S. OPPENHEIM, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Valette R. Rockhill, appellee, brought this suit in the municipal court of Chicago against Congress Hotel Company to recover the value of a hand-bag and contents lost while she was a guest at the Auditorium Annex, one of the defendant's hotels. The case was tried upon a written stipulation as to the facts, which was submitted to the court, and defendant thereupon demurred to the evidence. The demurrer was overruled, and the defendant then moved the court to enter a judgment against it for $66, being the value of the hand-bag and certain articles named in the stipulation. The court denied the motion and found the issues for the plaintiff and entered judgment for $585 and costs. A writ of error was sued out from the Appellate Court for the

First District, and the judgment was there affirmed. The Appellate Court granted a certificate of importance, by virtue of which the case is brought to this court by appeal.

A preliminary question is raised as to the power of the Appellate Court to grant a certificate of importance in a case of the fourth class, which by the Municipal Court act can be reviewed only by writ of error sued out from the Appellate Court. The act in relation to a municipal court in Chicago (Laws of 1907, p. 226,) and the act in relation to practice in courts of record (Laws of 1907, p. 444,) were approved on the same day. Section 119 of the Practice act provides that the Appellate Court may make a certificate of importance and grant an appeal in any case decided by that court in which an appeal or writ of error from the Appellate Court to this court is not allowed by said act. The Municipal Court act does not make the judgment of the Appellate Court final in cases of the fourth class removed to that court by writ of error, and the Practice act does not provide for an appeal from or writ of error to the Appellate Court in a case of this kind. We are of the opinion that the Practice act authorized the appeal.

The case was tried in the municipal court without a jury, on the stipulation of facts, and the demurrer to the evidence was verbal. The practice of demurring to evidence is but seldom resorted to, and it has always been the rule that a demurrer of that kind must be in writing and set out particularly the facts which the evidence fairly tends to prove, and not the evidence which tends to prove the facts, and admitting the facts leaves the court nothing to do but to apply the law to them. (*Creach* v. *Taylor*, 2 Scam. 277; *Crowe* v. *People*, 92 Ill. 231.) Whether the practice of demurring to the evidence is applicable to the municipal court exercising its jurisdiction in cases of the fourth class, where there are no written pleadings and the procedure resembles that of justice courts, is not here considered. Counsel on both sides treat the demurrer as a motion to the court to

find for the defendant for want of any evidence tending to prove a cause of action, and whether considered as a demurrer to the evidence or as such a motion, the court was clearly right in the ruling, since even on the theory of the defendant it was liable for the loss of the hand-bag and of certain articles contained in it, which it admits are usually and ordinarily carried and used by travelers and guests of hotels. The effort in this court is to obtain a decision that the municipal court erred in permitting a recovery for jewelry, for the loss of which defendant claims it was not liable; but that question was not raised by the demurrer to the evidence and relates only to the amount of damages.

The defendant presented to the court a number of alleged propositions of law, one of which was held and the others refused, and it is insisted that the court erred in such refusal.

The facts admitted by the stipulation were, in substance, as follows: The plaintiff, with her husband, her mother, her sister and another lady, forming one party, were guests at the Auditorium Annex and occupied a suite of rooms. The party had with them at the hotel, in their rooms, two trunks, two hand-bags, a dress-suit case and a wooden box. One of the hand-bags belonged to the plaintiff, and she had packed in it a number of articles for use, which, with the hand-bag, amounted in all to $66, and she also had in it various articles of jewelry and ornaments, making a total value of $585 for the hand-bag and its contents. The stay of the party at the hotel came to an end and their baggage was packed for the purpose of leaving. The plaintiff notified the clerk of the defendant that she was about to leave the hotel, and to send up to her room for the baggage. She remained in the room until a porter of the defendant came up for the baggage and it was delivered to him. She told the porter to take the checks for the baggage to the head porter's desk and she would go there and get them. When she went to the desk to obtain the checks she was given

one less check than the number of pieces of baggage, and the hand-bag with its contents was missing. It had been lost while in charge of the porter to whom it was delivered or in the custody of other servants of the defendant. The defendant had complied with the Inn-keeper's act of this State, and the plaintiff never gave any notice to the defendant that the hand-bag contained the articles shown in the stipulation, and the defendant had no notice of such contents or the value of the bag.

An inn-keeper owes the duty and assumes the obligation of safely keeping the property of his guests, and if the property is lost, all that is necessary to make a *prima facie* case is to show the relation of inn-keeper and guest and the loss. The burden is then cast on the inn-keeper to exonerate himself, and this he may do by showing that there has been no negligence on the part of himself or his servants, or that the loss was caused by the personal negligence of the guest or some one for whom the guest was responsible, or by superior force. The loss of the goods of the guest while at an inn raises a presumption of negligence on the part of the inn-keeper or his servants, and prior to the passage of the Inn-keeper's act guests at an inn were not bound to deposit money or valuables with the inn-keeper, although they knew that an iron safe was provided for that purpose. (*Metcalf* v. *Hess,* 14 Ill. 129; *Johnson* v. *Richardson,* 17 id. 302.) The Inn-keeper's act (Laws of 1861, p. 133,) provides that every inn-keeper who shall keep an iron safe in good order and suitable for the purpose and shall post the notices provided for, shall not be liable for any money, jewelry or other valuables, of gold, silver or rare and precious stones, that may be lost, if the same are not delivered to the inn-keeper, his agent or clerk for deposit, "unless such loss shall occur by the hand or through the negligence of the landlord or by a clerk or servant employed by him in such hotel or inn." It is contended that the court erred in overruling the demurrer to the evidence for the reason

that this act exempted the defendant from liability.   No
matter what the effect of the act might be, the court did
not err, since the bag and part of its contents were not
within the terms of the act.   But the act did not apply to
this case, for the reason that the loss occurred by the neg-
ligence of the porter or servants of the defendant, and the
statute affords no protection against such a loss.   The act
further provides that nothing contained in it shall apply to
such an amount of money and valuables as is usual, com-
mon and prudent for any guest to retain in his room or
about his person, and the question whether the amount of
jewelry and valuables in the hand-bag came within the pro-
viso and were such an amount as is usual, common and pru-
dent for a guest to retain in his room or about his person
was purely a question of fact.   It could not be raised by
the demurrer, which presented nothing but a question of
law, and the question of fact has been finally settled by the
judgment of the Appellate Court.   The Inn-keeper's act did
not apply to the situation at all.   The stay of the plaintiff
at the defendant's hotel as a guest was about to terminate,
and if she was responsible for the care and protection of the
jewelry up to that time for the reason that she did not de-
posit it with the defendant, the property could not remain
in the iron safe while she was taking her departure from
the hotel with it.   When she packed her goods to leave the
hotel and gave them in charge of the porter sent to receive
them, there was no requirement of the statute that they
should be on deposit in the safe.

The supposed propositions of law submitted to the court
were with one exception not propositions of law, but de-
pended upon the conclusion of the court as to matters of
fact.   The only one which could be termed a proposition of
law was marked by the court "held."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*