## WATTENBARGER v. HALL.

No. 611.    Opinion Filed July 12, 1910.

(110 Pac. 911.)

**APPEAL AND ERROR—Theory of Cause—Change.** The right of the plaintiff in error to recover was properly submitted, on his theory, to the jury; and, the jury having found against him thereon, he will not be permitted to change front in this court, amend his hold, and claim his right to recover on some other theory.

(Syllabus by the Court.)

*Error from District Court, Custer County; J. R. Tolbert, Judge.*

Replevin by Samuel Wattenbarger against H. J. Hall. Judgment for defendant, and plaintiff brings error. Affirmed.

*George T. Webster,* for plaintiff in error.
*Snodgrass & Darnell* and *T. U. Cook,* for defendant in error.

WILLIAMS, J.   This was an action in replevin commenced by the plaintiff in error as plaintiff against the defendant in error as defendant to recover about 2,000 bushels of corn. The corn was raised upon an Indian allotment. Plaintiff, holding a lease on said land from the allottee approved by the Indian agent, contends that the defendant under a verbal agreement with him cultivated said land in corn and for his work was to receive $17\frac{1}{4}$ cents for the corn raised thereon at gathering time; that he had advanced on said labor the sum of $156, and prior to the bringing of this action tendered defendant the sum of $150, which covered the alleged contract price of the corn; and that thereby said plaintiff was entitled to the possession thereof. The defendant denied

that such agreement had been entered into, or that he owed plaintiff the sum of $156, or any other sum, but alleging that defendant owed him about $40. He further answered, alleging that he went upon said land under a verbal agreement to cultivate same and pay a reasonable rental thereon. The plaintiff in bringing this action treated said corn as personality and as in the possession of the defendant. It seems that some of the corn had been gathered and cribbed, and that the balance was standing matured in the field. By plaintiff's own act in treating all of said corn as personalty, he treated it as constructively severed from the soil.

In *Harris v. First National Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781, this court said:

"The right of appellant to recover was properly submitted to the jury on his own theory. The jury finding against him on the theory relied upon, he will not be permitted to change front in this court and claim the right to recover upon some other theory. * * * *"

The court submitted the case to the jury under proper instructions upon plaintiff's own theory and the jury found against him. Although the jury found that he did not have such a contract with the defendant, yet as said defendant alleged he was in possession by parol contract, as a subtenant under plaintiff, such contract was void, and therefore plaintiff contends the defendant should not be permitted to defend under such void contract. Under the authority of *Megreedy & McDonald, Adm'rs, v. Macklin et al.,* 12 Okla. 666, 73 Pac. 293, the contract of rental, as alleged by the defendant, was void and could not be enforced by either party thereto. But whilst the defendant remained in the possession of said allotment, the corn raised and gathered by him or standing matured ungathered thereon in the field could not be replevined by the plaintiff. *Phillips v. Keysaw et al.,* 7 Okla. 675, 56 Pac. 695; *Lindsay v. Winona & St. Peter Railroad Co.,* 29 Minn. 411, 13 N. W. 191, 43 Am. Rep. 228; *Jenkins v. McCoy,* 50 Mo. 348; *Adams v. Leip,* 71 Mo. 597; *Faulcon et al. v. Johnson,* 102 N. C. 264, 9 S. E. 394, 11 Am. St. Rep. 737; *Hinton v. Watson,* 115

N. C. 7, 20 S. E. 164; 12 Cyc. 977, and authorities cited in footnote 9.

There being no error in the record prejudicial to the rights of the plaintiff in error, the judgment of the lower court is affirmed.

All the Justices concur.