## HAMILTON, *Sheriff*, v. BROWN.

No. 1289.    Opinion Filed January 9, 1912.

(120 Pac. 950.)

1.    **APPEAL AND ERROR**—Theory of Case—Estoppel to Change. Where a party tries his case in the trial court upon one theory and loses, he will not be permitted in this court to change front and try to prevail upon a different theory.

2.    **TRIAL**—Demurrer to Evidence. In a replevin action for the possession of more than one item of property, if the evidence supports plaintiff's right to recover any one item of the property, a general demurrer to his evidence is properly overruled.

3.    **EXECUTION**—Levy—Lien. The issuance and levy of an execution upon property fixes a lien thereon in favor of the judgment creditor only to the extent of the judgment debtor's actual interest in the property. Any apparent but not actual interest of the debtor therein, as a general rule, neither extends nor restricts the operation of the execution lien.

(Syllabus by the Court.)

*Error from Bryan County Court;*
*Chas. A. Phillips, Judge.*

Action by J. W. Brown against A. S. Hamilton, Sheriff of Bryan county. Judgment for plaintiff, and defendant brings error. Affirmed.

*Utterback & Hayes* and *W. F. Semple,* for plaintiff in error.

*Hatchett & Ferguson,* for defendant in error.

HAYES, J. This is an action in replevin, originally brought by defendant in error hereinafter called plaintiff, in the county court of Bryan county against plaintiff in error, as sheriff of said county, hereinafter called defendant, to recover possession of one

mule and an undivided one-half interest in twenty-five head of cattle. Defendant, as sheriff, at the instance of the Caddo National Bank, the judgment creditor of one J. F. Wright, levied execution on the mule, and the one-half interest in the 25 head of cattle in controversy, and was holding them under said execution at the time this action was instituted. There was a trial to a jury, which resulted in a verdict and judgment in favor of plaintiff. Evidence on behalf of plaintiff establishes that plaintiff furnished to one J. F. Wright, as his agent, money with which to purchase cattle for plaintiff. Said money was furnished to Wright, and Wright was authorized to buy catttle therewith under the agreement that the cattle so bought would be and remain the property of plaintiff until sold by him, and that Wright should receive after the cattle were sold one-half of the profits as his compensation for services rendered in purchasing same. Counsel for defendant submit three propositions for reversal of the cause, the first and third of which, however, are substantially the same. He contends, first, that the undivided half interest of plaintiff in the 25 head of cattle is not such property as may become the subject of a replevin action, and that the remedy to recover possession of his interest therein by writ of replevin cannot lie. We think that defendant is foreclosed from availing himself of this contention. Plaintiff's petition in the trial court alleges entire ownership of the mule and an undivided half interest in the cattle in plaintiff. Defendant, without demurring to the petition, filed a general denial, and proceeded in the court below with his defense upon the theory that plaintiff did not own an undivided half interest in said cattle, but that said interest was owned by Wright, the execution debtor.

It is a well-settled rule that a party to a suit, after having proceeded in the trial court upon a theory and lost, will not be permitted, upon appeal to this court, to change his base and seek to reverse the cause upon a different theory. *Wattenbarger v. Hall*, 26 Okla. 815, 110 Pac. 911; *Harris v. First Nat. Bank of Bokchito*, 21 Okla. 189, 95 Pac. 781; *Border et al. v. Carrabine*, 24 Okla. 609, 104 Pac. 906.

Defendant filed a general demurrer to plaintiff's evidence, and also, at the close of the trial, a motion for a directed verdict, both of which were overruled. A motion to direct a verdict in favor of defendant is substantially equivalent to a demurrer to plaintiff's evidence (*Sullivan v. Phenix Ins. Co.*, 34 Kan. 170, 8 Pac. 112) ; and, if there was evidence sufficient to support a verdict in favor of plaintiff in respect to any part of his claim, both were properly overruled (*Eddy et al. v. Evans*, 58 Fed. 151, 7 C. C. A. 129 ; *Rockhill v. Congress Hotel Co.*, 237 Ill. 98, 86 N. E. 740, 22 L. R. A. [N. S.] 576).

There was evidence to the effect that plaintiff was the absolute owner of the mule, which was uncontradicted. When said demurrer and motion were presented to the court, they presented for the court's determination only the question whether there was any evidence tending to prove a case for plaintiff upon which a verdict should be rendered in his favor; and, when the court ascertained that there was evidence to support a verdict for the possession of the mule, it was authorized to overrule the demurrer, without examining further. *Stechman v. Galt State Bank et al.*, 126 Mo. App. 664, 105 S. W. 674, is relied upon as supporting defendant's contention that the demurrer to the evidence raised the question he now presents; but that case is unlike the instant case, in that the entire property claimed by plaintiff in that case was an undivided interest in partnership property, and a general demurrer, based upon that ground, reached all the property ; whereas, in the case at bar, a general demurrer as to all the property could not be sustained for that reason. Had plaintiff desired to raise the question he now seeks to have us consider, he should have demurred to that portion of the petition seeking to recover the undivided half interest in the cattle, or to that part of plaintiff's evidence directed to that issue, or called the same to the attention of the court by requesting an instruction to the jury.

Defendant's second contention is that the agreement between Wright and plaintiff created no lien upon the cattle in favor of plaintiff, or that, if it did do so, it was void as against the creditors of Wright. As bearing upon this contention, it may be said that plaintiff did not try his case upon the theory that he

had a lien upon the cattle, and did at no time claim such a lien; but the cause was tried solely upon the theory that he was the owner of an undivided half interest; and his right to recover, under the instructions given to the jury, was made to depend upon the establishment of facts by him showing that by the contract between him and Wright the cattle purchased by Wright were to be the plaintiff's property, and that Wright had no interest therein. The evidence shows that with a part of the money furnished by plaintiff to Wright, Wright, with a man by the name of Ayers, purchased the cattle in controversy. Ayers paid for one-half interest therein, and plaintiff's money paid for the other one-half interest. Wright paid no part of the purchase price, and was under no contract to share in the loss, if any. He was to receive as his remuneration for his services a share of the profits, if any, when the cattle were resold. A contract for the remuneration of an agent by a share of the benefits of the business does not of itself make the agent a partner in the business. 30 Cyc. 376. Defendant contended that the agreement between plaintiff and Wright for the advancement of the money to Wright by plaintiff was in the nature of a loan; that the cattle were to be held by Wright, disposed of by him, and the first proceeds out of the sale to be turned over to plaintiff, until the money advanced by him was repaid, and the profits, if any, to be divided between them, and plaintiff to receive his share for the use of his money. These respective contentions were submitted to the jury under instructions of which no complaint is made here; and there is evidence reasonably tending to support the verdict rendered.

There is no question of fraud or fraudulent conduct misleading creditors in this case. The execution creditor had secured his judgment before any of the transactions between Wright and plaintiff occurred, by which plaintiff became the owner of the cattle.

The issuance and levy of the execution upon the cattle fixed a lien in favor of the execution creditor thereon only to the extent of Wright's actual interest in the property, and no further. Any apparent interest neither extended nor restricted the operation of his lien. Section 115, Freeman on Executions; *Burke v.*

*Johnson*, 37 Kan. 337, 15 Pac. 204, 1 Am. St. Rep. 252; *Roberts v. Robinson,* 49 Neb. 717, 68 N. W. 1035, 59 Am. St. Rep. 567; *Perkins v. Meighan,* 147 Mo. 617, 49 S. W. 498, 71 Am. St. Rep. 586.

Under the foregoing views, the judgment of the trial court should be affirmed.

TURNER, C. J., and KANE, J., concur; WILLIAMS, J., disqualified, and not participating; DUNN, J., absent, and not participating.