## HAYS v. SMITH.

No. 7412—Opinion Filed Dec. 5, 1916.

Rehearing Denied May 1, 1917.

(164 Pac. 470.)

**1. Contracts—Consideration — Forbearance.**

Forbearance in the prosecution of an action is sufficient consideration for a contract.

**2. Guaranty—Acceptance—Notice.**

A mere offer to guaranty is not binding until notice of its acceptance is communicated by the guarantee to the guarantor, but an absolute guaranty is binding upon the guarantor without notice of acceptance.

**3. Bills and Notes—Liability—Evidence.**

The evidence in this case examined, and it is held, that at the time John T. Hays executed the notes sued upon it was not his intention to simply guarantee the obligation, but to assume absolute liability therefor, and his liability upon said notes was not dependent upon anything else being done before he could be held liable therefor, but became his personal absolute obligations.

(Syllabus by Hooker, C.)

Error from District Court, Kiowa County; Frank M. Bailey, Assigned Judge.

Action by James W. Smith against John T. Hays. Judgment for plaintiff, and defendant brings error. Affirmed.

J. W. Mansell and Hays & Hughes, for plaintiff in error.

James W. Smith, L M. Keys, and Massingale & Duff, for defendant in error.

Opinion by HOOKER, C. The notes sued upon here were executed by John T. Hays to James W. Smith under the following circumstances: One Mrs. McDaniel had procured in the district court of Washita county a judgment for $2,000 alimony against her husband, who resided in Kiowa county, and the firm of Tolbert & Hays was employed to aid in the collection of said judgment, which they did, and certain real estaté was sold to satisfy said judgment, and at the sale thereof Mrs. McDaniel became the purchaser. She was unable to handle the property on account of prior liens thereon, so after some negotiations, it was agreed that she should transfer her bid for said property and her judgment for alimony to James M. Hays, a brother of John T. Hays, for a consideration of $1,000.—$400 .of which was then paid by him, and the balance thereof was to be paid to Mrs. McDaniel and James W. Smith after confirmation of the report of sale and upon delivery of the deed. John T. Hays guaranteed the payment of this money upon the part of his brother, James M. Hays. This sale was confirmed and the deed made to James M. Hays, and he acquired possession of the property, but he failed to pay the first mortgage lien or to complete the payment of the balance of the $600 due Mrs. McDaniel and James W. Smith. Therefore suit was filed to foreclose these first mortgage liens, and James W. Smith, for Mrs. McDaniel and himself, filed an answer and cross-petition, wherein it was asserted that, by reason of the default in the payment of the aforesaid $600, they had lien upon said property superior to the claim of James M. Hays. Thereupon John T. Hays, after negotiation with them, executed the notes sued upon here for the money due to them, and their action was dismissed and judgment entered therein acceptable to John T. Hays, and Mrs. McDaniel and James W. Smith thereupon released all claim to the property, and looked exclusively to these notes for their money.

That forbearance in the prosecution of an action is a sufficient consideration for a contract cannot be questioned. See 9 Cyc. 338.

However, the consideration for these notes need not rest upon forbearance alone,

for it is shown here that at the time the contract was made between Mrs. McDaniel and James M. Hays, the performance of the same was orally guaranteed by John T. Hays, and that when he executed these notes he was merely reducing to writing what he had prior thereto orally promised to do. That being true, the consideration involved in the original transaction was a sufficient consideration to support the execution and delivery of the notes sued upon here. Section 1031, Revised Laws of 1910, provides:

"A mere offer to guaranty is not binding, until notice of its acceptance is communicated by the guarantee to the guarantor; but an absolute guaranty is binding upon the guarantor without notice of acceptance."

The execution of these notes was not a mere offer of guaranty, but an absolute guaranty. At the time John T. Hays delivered the notes it was not his intention to simply guarantee an obligation, but he was assuming an absolute liability, and he expected to pay the notes according to their terms.

The only inquiry necessary to be made is whether or not the guaranty in question is absolute. Did the defendant know the extent of his liability at the time he executed and delivered these notes, or was there something to be done in order to advise him of the amount he would be required to pay? If he knew the extent of his liability and its limitations, his contract was absolute. If not, it was an offer to guarantee, which required an acceptance. The very nature of the contract and its attendant circumstances clearly show that he understood perfectly the full extent of his liability, and that his liability was not dependent upon anything else being done before he could be liable upon these notes. Plaintiff in error knew full well that he was expected to pay these notes, as his subsequent conduct and his repeated promises so to do indicate.

The question of attorney's fees claimed by the plaintiff in error was decided adversely to him; and, as there is evidence supporting the verdict of the jury, we cannot disturb the same here. The other positions urged by him are not tenable in this action. His liability is so clearly established by the evidence and by the law, as we view it, that errors complained of, if any, are harmless.

There being no error apparent to us in this record, this cause is affirmed.

By the Court: It is so ordered.