## STUART v. EDWARDS.

No. 10419—Opinion Filed Nov. 22, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

**1. Appeal and Error—Theory of Case—Necessity for Objections Below.**

When the trial court instructs a jury upon the theory of an original obligation and not upon the theory of a guaranty in a suit on a note, and no exception is. taken to said instruction, no specially requested instruction is asked on any other theory, and no special findings of the jury are requested, upon appeal to this court, this court will not consider any other theory than that followed by the trial court, and will hold that the parties are estopped from presenting any errors upon any other theory. Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950.

**2. Guaranty—Consideration.**

Where a guarantor executes a note at or about the time a compromise of settlement is made, and where both contracts form a part of the same transaction, one consideration will support both contracts; but if the guaranty is executed after the execution of the original contract and not in pursuance of the original contract, the consideration for the original contract will not support such subsequent guaranty. Section 1028, Rev. Laws 1910.

**3. Contracts— Consideration — Answering for Debt of Another—New Promise.**

A person may bind himself as an original obligor for the debt or obligation of another where the second obligation is accepted as a new promise and is made upon the consideration of canceling an antecedent obligation owed by the third party. Section 1030, Rev. Laws 1910.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by W. W. Edwards against R. T. Stuart and another on promissory note. Judgment for plaintiff against defendant named, and he brings error. Affirmed.

Everest, Vaught & Brewer, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

ELTING, J. This action was commenced in the district court of Oklahoma county by W. W. Edwards, plaintiff, against R. T.

Stuart & Co. and R. T. Stuart, defendants. There was an original petition filed by the plaintiff, and then afterwards, and on March 13, 1918, he filed an amended petition. In the amended petition the plaintiff set out two causes of action. The first cause was based upon an alleged settlement and agreement made with R. T. Stuart & Co. and R. T. Stuart in person, whereby they agreed to pay the plaintiff, W. W. Edwards, $5,000 in settlement of a claim of the plaintiff against the defendants, which claim was in excess of $5,000, and as a result of which settlement between the plaintiff and the defendants the corporation paid the plaintiff $2,000 cash and left a balance due him from the defendants of $3,000; alleging that, although demand was made upon them, they had failed and refused to pay him the $3,000; praying for judgment against the defendants and each of them for $3,000 and interest at the rate of 6 per cent. from September 16, 1916.

The second cause of action alleged by the plaintiff was in substance as follows: That on the 15th day of September, 1916, when the compromise settlement was made, he desired the defendants to execute to him a negotiable note for the balance of $3,000, but that R. T. Stuart, president and manager of R. T. Stuart & Co., stated to the plaintiff that the company did not desire to have any outstanding negotiable notes against it, they being recently in Oklahoma City, and that it might hurt their credit, but that R. T. Stuart, himself, would execute to the plaintiff a note for $3,000 as evidence of the debt due by him and the said R. T. Stuart & Co., and that said note would be surety and guaranty of the payment of said indebtedness on or before the 15th day of September, 1917, and that R. T. Stuart did execute his personal note to the plaintiff due September 15, 1917, and it provided for $3,000 and attorney's fee of $300; and prayed for judgment for $3,300 and interest thereon provided in said note from the 15th day of September, 1917, at the rate of 10 per cent.

To which amended petition, R. T. Stuart filed a separate answer in which he denied that he owed any debt to the plaintiff, either individually or jointly with R. T. Stuart & Co.; denied that there was any consideration for the note passing to him, and as a further defense to said note alleged that he was induced to execute said note by the threats, duress, and menace on the part of the plaintiff to use his influence with certain of the stockholders of the Mid-Continent Life Ins. Co. of Muskogee, Okla. to defeat plans for the removal of the general offices of the company, and that he was thereby induced to sign said note, and that the defendant, Stuart, did not intend to pay said note and that he so informed the plaintiff at the time he executed the note, and that the securing of said note by the plaintiff was through fraud, misrepresentation, and deceit; alleging no other facts specifically except what has been stated above.

R. T. Stuart & Co. filed an answer, denying any liability; alleging that they paid the plaintiff $2,000 in cash with the understanding that the said plaintiff accepted the said payment as a full satisfaction of all claims, and hence that they were not liable.

Said cause proceeded to trial before a jury, and the evidence of various witnesses was taken upon the issues thus joined. At the close of the evidence the court submitted to the jury his instructions. The issue submitted to the jury by the court is covered by the third instruction, which is in words and figures as follows:

"If you find and believe from the evidence that the plaintiff in this case performed certain service for the defendant, R. T. Stuart & Co., and that a controversy arose between the plaintiff and the defendant, R. T. Stuart & Co., in regard to the compensation plaintiff was to receive for such services and that a compromise arrangement was had whereby the defendant, R. T. Stuart & Co., paid the plaintiff the sum of $2,000 in cash, and that the defendant R. T. Stuart, personally executed his promissory note in compliance with the terms of the compromise, and that the plaintiff, W. W. Edwards, accepted the same in full settlement of his claim against R. T. Stuart & Co., then you are instructed that the plaintiff is entitled to recover from R. T. Stuart the sum of $3,000, together with interest at ten per cent. from the 15th day of September, 1916. together with an attorney's fee of $300.

"However, if you find and believe from the evidence that the defendant, R. T. Stuart & Co., paid to the plaintiff the sum of $2,000 in full settlement of the plaintiff's claim, and that thereafter and on the same day the defendant, R. T. Stuart, executed his promissory note in consideration and upon the understanding that the plaintiff, W. W. Edwards, would not interfere with the removal of the Mid-Continent Life Insurance general offices from Muskogee to Oklahoma City, and that the only consideration for such note was such promise, then you are instructed that such promise would not be sufficient consideration for the execution of the note in question, and your verdict must be for the defendant, R. T. Stuart."

There were no exceptions to any of the instructions of the court, including the third instruction, by either party to the suit.

Upon motion of the attorneys for the defendant the court instructed a verdict for

R. T. Stuart & Co., as covered by the fourth instruction to the jury. The attorneys for the plaintiff made requests for three specific requested instructions, which were denied by the court.

The jury returned two verdicts. One in favor of the plaintiff and against the defendant R. T. Stuart for $3,000, with interest at 10 per cent. from September 15, 1916, and an attorney's fee of $300, and returned another in favor of R. T. Stuart & Co., as was directed by the court in his fourth instruction.

The defendant R. T. Stuart filed a motion for a new trial, the same was overruled, prayer and notice of appeal given, appeal filed in the Supreme Court. The plaintiff below filed no motion for a new trial, has filed no cross-petition herein, and the question as to the refusal of the three requested instructions of the court below and the action of the court in directing a verdict in favor of R. T. Stuart & Co. is hence not in this court for review.

The defendant below, R. T. Stuart, is plaintiff in error in this appeal, and the plaintiff below is the defendant in error in this appeal, and we will so refer to them in this opinion.

The plaintiff in error never excepted to the action of the court wherein the court defined and submitted to the jury the issues triable in this case in his third instruction. The jury returned a general verdict against the plaintiff in error upon the issues as submitted by the court. The plaintiff in error, defendant below, did not ask for any specific findings from the jury, and we hold that the plaintiff in error has waived the right to have said cause reviewed upon any other theory than that upon which it was submitted in the court below. In the case of Hamilton v. Brown, 31 Okla. 213, 120 Pac. 950, the first syllabus paragraph reads as follows:

"Where a party tries a case in the trial court upon one theory and loses, he will not be permitted in this court to change front and try to prevail upon a different theory."

To the same effect are Wallace v. Duke, 44 Okla. 124, 142 Pac. 308; St. L. & F. S. R. Co. v. Key, 28 Okla. 769, 115 Pac. 875; Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209, page 213, syllabus par. 4; Checotah v. Hardridge, 31 Okla. 742, 123 Pac. 846; Spaulding v. Beidelman, 60 Okla. 183, 160 Pac. 1120; Wattenberger v. Hall, 26 Okla. 815, 110 Pac. 911.

The plaintiff in error's contention in this appeal is that, since the court instructed a verdict for R. T. Stuart & Co., and a verdict was returned finding in favor of the said company, and according to the contention of the plaintiff in error, further, that R. T. Stuart was merely a guarantor of the debt of R. T. Stuart & Co., and the jury having found that R. T. Stuart & Co. did not owe any debt, hence, the principal not being bound, the guarantor could not be bound. The plaintiff in error argues, further: That he is a guarantor, under the facts in this case, for R. T. Stuart & Co., and that the burden was on the defendant in error to show a new consideration, other than the compromise, as moving to the guarantor. We think, under the facts of this record and under the law, that R. T. Stuart could be held either in the capacity of an original obligor or as a guarantor, and that there was ample evidence to bind him in either capacity, and therefore under the facts the jury would have been justified in holding him in either capacity.

Upon the question when a third party becomes an original obligor for the debt of another, a portion of section 1030, Rev. Laws 1910, reads as follows:

"A promise to answer for the obligation of another, in any of the following cases, is deemed an original obligation of the promisor, and need not be in writing. * * *

"Third. Where the promise, being for an antecedent obligation of another, is made upon the consideration that the party receiving it cancels the antecedent obligation, accepting the new promise as a substitute therefor; or upon the consideration that the party receiving it releases the property of another from a levy or his person from imprisonment under an execution on a judgment obtained upon the antecedent obligation; or upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person."

To the same effect is the third syllabus paragraph in Hays v. Smith, 65 Okla. 113, 164 Pac. 470.

The record shows that R. T. Stuart was the president and manager of R. T. Stuart & Co., and shows further that he had a direct personal interest in a certain deal, and in the promoting and closing up of said deal the plaintiff did services, and for which services he had a claim against R. T. Stuart & Co., and it was the controversy as to pay for such services that was settled in the compromise, and as a result of the compromise the company paid the plaintiff $2,000, and R. T. Stuart gave his note to plaintiff for $3,000. Evidence in the record shows that the note was executed by R. T. Stuart at the

time the settlement was made, and as a part of and connected with that transaction. That is an ample consideration sufficient to bind him either as a principal obligor or as a guarantor.

To repeat, there is sufficient evidence showing a consideration to sustain this contract. The rule is laid down in Elliott on Contracts, page 417, paragraph 237, as follows:

"The rule most applicable to all the cases may therefore be stated thus—the compromise of a claim which is asserted in good faith and of the validity of which the parties at the time entertain a doubt, and about which there is a bona fide controversy, is a valuable consideration and will support a compromise or a contract."

To the same effect, First National Bank v. Harkey, 63 Okla. 163, 163 Pac. 273.

We also quote from 1 Elliott on Contracts, page 408, par. 236, as follows:

"An extension of time, whether for a definite or reasonable period, in which to pay a debt, constitutes a valuable consideration."

To the same effect is Hayes v. Smith, 65 Okla. 113, 164 Pac. 470.

There is evidence showing that R. T. Stuart asked for time, and that the note for one year was made in answer to that request. Revised Laws of Oklahoma, 1910, sec. 1028, reads as follows:

"Where a guaranty is entered into at the same time with the original obligation; or with the acceptance of the latter by the guarantee, and forms, with that obligation, a part of the consideration to him, no other consideration need exist."

The plaintiff in error cites the case of Briggs v. Latham (Kan.) 13 Pac. 129. Judge Valentine, the writer, states the following in the body of said opinion:

" 'As a guaranty is an independent contract, it must be made upon a sufficient consideration.' And, indeed, upon this subject all the authorities concur. 'A guaranty is a collateral engagement to answer for the debt, default, or miscarriage of another person.' De Coly, Guar. 1; Chit. Cont. (10th Amer. Ed. from 3rd Eng. Ed.) 546. In other words, a guaranty is a contract in and of itself; but it also has relation to some other contract, or some obligation with reference to which it is collateral, and it always requires a consideration. It is true that where the guaranty is executed at or about the time of the execution of the main contract, and both contracts form parts of the same transaction, one consideration may support both contracts. It is also true, where a contract is sold and assigned, and the guaranty is executed, in contemplation or in pursuance of such sale and assignment, one consideration may support both the sale and the guaranty. But in all cases where the guaranty is executed after the execution of the original contract, or after a sale thereof, and not in pursuance of any understanding had at the time of the execution of the original contract, or at the time of the sale, that such guaranty should be executed, neither the consideration for the original contract nor the consideration for the sale can support the guaranty. But the guaranty in all such cases must have a separate and an independent consideration, and unless it has it is void. In the present case 'there was no consideration for the guaranty,' none whatever. The guaranty was a mere voluntary engagement written upon the mortgage by one who did not execute either the notes or the mortgage, who was never liable on either the notes or the mortgage, and who never owned either the notes or the mortgage, without consideration, and after the notes and the mortgage had been executed and sold and assigned. Hence the guaranty was, at the time of its execution, void."

We give this lengthy quotation from Judge Valentine's opinion because it states the law of Guaranty in that learned judge's usual clear style.

The court in his third instruction did not instruct the jury upon the theory of a guaranty as the nature of R. T. Stuart's obligation under the note, but instructed the jury that if R. T. Stuart personally executed his promissory note to W. W. Edwards in compliance with the terms of the compromise, the jury were instructed to return a verdict in favor of the plaintiff for $3,000 and 10% interest from the 15th day of September, 1916, together with an attorney's fee of $300, unless they found that R. T. Stuart & Co. had paid $2,000 in full settlement of the plaintiff's claim, or unless they found R. T. Stuart executed his promissory note to W. W. Edwards in consideration and upon the understanding that the plaintiff, W. W. Edwards, would not interfere with the removal of the Mid-Continent Life Insurance general offices from Muskogee to Oklahoma City, and that the only consideration of such note was such promise. This was the theory and the issue submitted to the jury by the court, and it was unexcepted to by any of the parties to said suit, and, as we have heretofore held, they are bound by said instruction and are estopped to make any different contention in this court.

The jury, upon the conflict of fact, found the issues against R. T. Stuart, and this court will not reverse the finding of the jury.

The judgment of the trial court is, therefore, affirmed.

HARRISON, C. J., PITCHFORD, V. C. J., and McNEILL and KENNAMER, JJ., concur.