INTERNATIONAL HARVESTER CO. OF AMERICA v. PATTERSON et al.

(Circuit Court of Appeals, Eighth Circuit.    April 15, 1919.    Rehearing Denied
June 2, 1919.)

No. 5209.

1. GUARANTY ☞25(3)—CONSIDERATION—EVIDENCE.

The words "for value received," in an indorsement of guaranty, af-
firmatively express a consideration, which casts upon the guarantor the
burden of proving that there was none, and a mere denial that anything
was paid him does not discharge it.

2. CORPORATIONS ☞218—STOCKHOLDERS—GUARANTY OF CORPORATION'S NOTE
—CONSIDERATION.

A guaranty of renewal notes of a corporation, of which the guarantor
was a stockholder and also a creditor in a substantial amount, by which
an extension of the debt was secured, held supported by a valuable con-
sideration.

3. MORTGAGES ☞25(3)—VALIDITY—CONSIDERATION.

The release of a guarantor from a valid contract of guaranty and the
surrender to him of guaranteed notes to the amount of the mortgage held
to constitute a valid consideration for his personal notes for a portion of
the debt and a mortgage securing the same.

Appeal from the District Court of the United States for the District
of South Dakota; James D. Elliott, Judge.

Suit in equity by the International Harvester Company of America
against Henry Patterson and others.    Decree for defendants, and com-
plainant appeals.    Reversed.

Thomas J. Doyle, of Lincoln, Neb. (H. P. Atwater, of Sturgis, S. D.,
on the brief), for appellant.

John L. Cleary, of Grand Island, Neb. (Clarence L. Lewis, of Rapid
City, S. D., on the brief), for appellees.

Before HOOK and CARLAND, Circuit Judges, and AMIDON,
District Judge.

HOOK, Circuit Judge.    This is an appeal by the International Har-
vester Company from a decree denying it relief in a foreclosure suit up-
on notes and a mortgage given by defendant Patterson.    The interest of
defendant Miner is unimportant, and further reference to her may be
omitted.    The defenses appear from the findings of the trial court,
which may be briefly summarized as follows:  (1) That defendant Pat-
terson was incapable of exercising a deliberate judgment, because of
mental and physical weakness, though not lacking contractual capacity;
(2) that he was imposed upon in the sense that he was overpersuaded
against his own interest; (3) that his guaranty of certain prior notes, in
part renewal of which the notes and mortgage in suit were given, was
without consideration, therefore the latter were likewise without consid-
eration; and (4) the notes and mortgage sued on were obtained by a
false and fraudulent representation.

Defendant was a rancher, and had been fairly well to do before be-
coming involved in a mercantile venture by a corporation named Con-

sumers' Supply Company, which he and others organized, and which finally became insolvent. He was the president of the company and owned $1,000 of its capital stock, of a total issue of $7,000. The conduct of its business was intrusted to one Tivis as manager, who held $5,000 of stock and was largely responsible for its lack of success. On May 21, 1913, defendant's company owed the plaintiff $17,600 on notes executed prior to that time, and new notes were then taken for the amount, with the indorsement of Tivis and defendant as guarantors. This appears to have been the inception of defendant's individual liability to the plaintiff, and the first and second findings of the court above enumerated were addressed to that transaction. When defendant guaranteed the renewal notes of May 21, 1913, he was about 62 years of age and was suffering from neuralgia; but the evidence clearly shows that he was mentally and physically competent to contract, and knew what he was doing at the time. His guaranty of the notes of his company may not have been wise from a personal standpoint, but no imposition in a legal sense, such as is required to avoid a contract, was practiced upon him. He was evidently influenced in large measure by Tivis, his associate in business, upon whose advice and solicitation he had been accustomed to act; and there was no improper collusion between Tivis and the representative of the plaintiff, who was present and participated in the transaction. If men are competent to contract, and do contract, a court cannot relieve them from their obligations because in its view they acted unwisely.

[1, 2] Was defendant's guaranty of the notes of his company without consideration? The words in the indorsements of guaranty, "for value received," affirmatively express a consideration. The burden of proving there was none was on defendant, and a mere denial that anything was paid him does not discharge it. There are other kinds of consideration. The notes guaranteed were renewals of prior notes, and the reasonable inference is that the plaintiff granted and the debtor company secured an extension of time. Forbearance, renewal, or extension of an old debt, or a suspension of a right, is universally recognized as a legal consideration for new contractual conditions. Nor is it necessary that the benefit of the consideration should accrue to the promisor. Violett v. Patton, 5 Cranch, 142, 3 L. Ed. 61. This is especially so in cases of sureties and guarantors. It would be sufficient if the entire benefit accrued to the debtor company; but defendant had a personal interest in the transaction. He was not only a stockholder of his company, but also a creditor in a substantial amount (about $10,000), and consequently was individually interested in what concerned it, though indirectly and to a less degree. A valuable consideration, however small or nominal, given or stipulated for in good faith and in the absence of fraud, will support a contract of guaranty. Lawrence v. McCalmont, 2 How. 426, 452 (11 L. Ed. 326); Davis v. Wells, 104 U. S. 159, 167, 26 L. Ed. 686. The above are old rules, and according to them it cannot be said defendant's guaranty was without consideration.

[3] *The Notes and Mortgage in Suit.*—On May 21, 1914, when the $17,600 of guaranteed notes had matured, an adjustment was made by

which defendant executed to plaintiff his individual notes, aggregating $5,355.50, and a mortgage to secure them, an equal amount of the preceding notes were surrendered to him, and he was released from his guaranty of the others. The plaintiff and Tivis, acting for his company, settled the balance of the guaranteed notes by the former taking implements, etc., at an agreed discount from sale price and a new note of the company for the balance. The notes for $5,355.50, and the mortgage, given by defendant, are the instruments in suit. As already observed, the trial court held they were without consideration, because there was no consideration for defendant's guaranty of their predecessors. What we have said disposes of that defense. But further, in Lawrence v. McCalmont, supra, the Supreme Court says:

"In Brooks v. Haigh, 10 Ad. & E. 309, 323, the court held that a surrender by the guarantee of a former guaranty, even if it was not of itself binding upon the guarantor, was a sufficient consideration to take the case out of the statute of frauds and to sustain a promise made on the footing thereof."

The individual notes in suit are upon the footing of the prior guaranty which was surrendered by the plaintiff.

Finally, it is urged that an agent of plaintiff induced defendant to execute the notes and mortgage by falsely representing that his (defendant's) attorney said it was the best thing he could do. We think this defense is an afterthought. The preponderance of the testimony of witnesses is against it, and is confirmed by defendant's conduct before and after the transaction.

The decree is reversed, and the cause is remanded, for a decree in favor of the plaintiff.