## SMITH et al. v. MINNEAPOLIS THRESHING MACH. CO. et al.

No. 10805—Opinion Filed Feb. 6, 1923.

Rehearing Denied April 10, 1923.

(Syllabus.)

**1. Estoppel—Waiver—Definition.**

Waiver is the intentional relinquishment of a right known to exist, and is applicable generally to all rights or privileges to which a person is legally entitled, whether arising from contract or otherwise.

**2. Contracts—Consideration for Waiver.**

A waiver in the nature of a contract, as distinguished from one by estoppel, must be founded on a valuable consideration, and made by the person or at his instance for whose benefit the rights waived existed.

**3. Estoppel—Waiver — Sufficiency of Evidence for Jury.**

Usually waiver is based upon disputed questions of fact, and in such cases, the sufficiency of the evidence is for the jury under proper instructions as to the legal essentials of a waiver.

**4. Sales—Waiver of Damages for Breach—Consideration.**

When S. defends a suit on notes and to foreclose on real estate mortgage by affirmatively pleading damage for breach of warranty in contract of purchase of machinery, in payment for which he executed the notes, jointly by his wife, and it develops that, in consideration of the extension of time of payment of the notes, S., with whom the contract was made, executed in writing a satisfaction or waiver of damages for any breach of contract, and no mistake, fraud or duress is shown, held: (1) The question of waiver is one of law for the court and not of fact for the jury. (2) The extension of time of maturity of the notes is a good and sufficient consideration to support the waiver. (3) A contract warranting or guaranteeing the fitness of machinery for the purpose sold, made solely with S., cannot be extended to a stranger to the contract of sale, merely because the stranger signed as comaker the notes for the unpaid purchase money. The stranger cannot defend said notes for alleged damages growing out of the breach of the said contract.

**5. Bills and Notes—Comaker's Discharge.**

A joint maker of a promissory note can be discharged from liability thereon only as is found in article 9 of the Negotiable Instruments Act (sections 4169-75, Rev. Laws 1910).

Error from District Court, Comanche County; Cham Jones, Judge.

Action on promissory notes and foreclosure of mortgage by Minneapolis Threshing

Machine Co. et al. against William X. Smith and Hilda Smith. Judgment for plaintiffs, and defendants brings error. Affirmed.

Worthington Swift and W. C. Stevens, for plaintiffs in error.

Fogg & Bennett, for defendant in error.

BRANSON, J. This suit is on promissory notes and for foreclosure of a real estate mortgage as security thereto, in which the defendant in error, Minneapolis Threshing Machine Co., a corporation, recovered judgment against the plaintiffs in error for the sum sued for, and foreclosing the real estate mortgage. Heinke & Co. was a party defendant in the action, because it had a judgment lien upon the real estate in question. The plaintiff in the court below will be referred to herein as plaintiff, and the defendants Smith will be referred to as defendants.

On May 28, 1915, the defendant, William X. Smith, purchased from the plaintiff certain machinery, to wit (not giving the exact description), a motor, separator, or threshing machine, feeder, band-cutter, canvas belt, and various other items of machinery connected with and intended to be used as a threshing machine equipment. The contract of purchase, signed by defendant William X. Smith, is very lengthy, and contains many provisions as to what shall be done by the purchaser in event there are any parts of the machinery latently defective, or the machinery fails to perform in each and every respect as the warranties on the part of the seller set forth. No useful purpose can be served by quoting at length from this contract, but its terms and provisions warranting the machinery, as to the amount of work the motor was capable of doing, the character and extent to which it could be used, and the character of fuel necessary for the operation thereof, are the basis of the defense interposed by the defendants to plaintiffs' petition. The defendant William X. Smith had set out in said contract of purchase the method of paying the purchase price, which was by a series of notes, due and payable at intervals from August 1, 1915, to September 1, 1917, there being in all ten of said notes, which were dated June 11, 1915. Said notes were secured by chattel mortgage on the machinery, and in addition thereto, a mortgage upon real estate described in plaintiff's petition. The notes and the mortgage were executed by purchaser, William X. Smith, jointly by his wife, Hilda Smith.

The answer of the defendants admitted the execution of the notes and mortgage, and alleged by way of affirmative defense, that they were given as part of the purchase price of certain machinery, to wit, a motor, separator or threshing machine, feeder, band-cutter, canvas belt, and various other items of machinery connected with a threshing machine equipment, and that the said motor was defective, and failed to comply with the warranty made by the plaintiff, and that while the value of the motor as warranted was $2,400, it was worth no more than $500, and that thereby the defendants were damaged in the sum of $1,900 and $3,200, loss of profits which defendants would have made from threshing, had the said motor been as warranted.

As a further defense, defendants plead that in foreclosing the chattel mortgage, prior to the institution of this suit, the plaintiffs had converted a driving belt of the value of $60 and one Heinke feeder, of the value of $185, for which defendants should have credit.

To this answer alleging affirmative matter, plaintiffs filed a reply, which among other things set up:

"That if defendant ever had any claim or demand against the plaintiff arising out of the purchase of the machinery for which the notes in controversy were executed, that such claim and demands had been fully settled and liquidated, in that on July 19, 1916, the defendant, William X. Smith, for a valuable consideration, acknowledged in writing full satisfaction and liquidation of all claims and demands against plaintiff arising out of the purchase of the machinery for which the notes sued on were given"—and that said acknowledgment of satisfaction was in words and figures as follows, to wit:

"Dated at Bishop, Okla., 7-19th, 1916.

"In consideration of One Dollar, the extension of my note or notes No. 103307-8-9-10, held by the Minneapolis Threshing Machine Company, and other good and sufficient considerations, I hereby acknowledge full satisfaction of any and all claims and demands against the Minneapolis Threshing Machine Company, arising out of the purchase by me from, and sale of said company to me of the certain machinery for which the aforesaid note or notes are given; and I do hereby acknowledge that the warranty of said machinery by said company is in all respects satisfied and complied with, and I hereby agree that the aforesaid note or notes are still unsatisfied to the extent of the renewal note or notes this day delivered by me, and that the Minneapolis Threshing Machine Company may continue to hold the aforesaid note or notes as collateral security to my indebtedness, and until said renewal note or notes

shall have been so paid the aforesaid note or notes shall be then canceled and surrendered to me, said notes to be extended 30 days.

"I hereby acknowledge the execution hereof in duplicate and the receipt by me of one copy hereof.

"Wm. X. Smith."

"Witnesses: J. A. Matthews

"T. E. Stradley."

On the issues thus presented, a jury was impaneled and, the execution of the notes and the mortgage sued on being admitted, the defendants assumed the burden, and offered several witnesses, who testified as to various alleged defects in the machinery in question; the trouble of operating the same during the threshing season of 1915 and 1916; the inability to thresh with the machine because of said alleged defects; the amount of wheat and other grain which could have been threshed had the machinery measured up to the warranties contained in the contract of purchase and sale. The defendant William X. Smith admitted on cross-examination that he had executed the above and foregoing quoted satisfaction of damages for the consideration of an extension of the time of payment of certain of the notes herein involved, and same was put in evidence without objections from defendants. At the close of the testimony of defendants, the plaintiff interposed a demurrer to the evidence and a motion for an instructed verdict on the record in the case, which was sustained by the trial court, and on the verdict so returned, finding in favor of the plaintiff in the sum of $2,415.-39, judgment was entered, and a decree foreclosing the mortgage on the real estate involved herein. From this judgment the defendants prosecute this appeal, and assign as error the sustaining of the demurrer, the refusal of the trial court to admit testimony offered by the plaintiffs in error, the dismissing of the jury without permitting them to return their verdict, and rendering judgment against the plaintiffs in error.

It is apparent from the record and the briefs and argument of counsel that the trial court sustained the motion for a directed verdict and judgment on the record as against the defendants on each defense interposed, first, for the reason that the above acknowledgment of satisfaction of all claims for damages sustained and arising out of the purchase contract of the machinery in question was a complete defense against the allegations of damage, in so far as the breach of warranty as to any part of the machinery in question might have worked an injury to the defendants; and that, second, the personal property which was taken and sold by the plaintiff, to wit. one main driving belt and one Heinke feeder, was as a matter of law under the uncontradicted facts covered by the plaintiff's chattel mortgage, and plaintiff, therefore, was not liable for conversion.

As to both of these propositions, we think the trial court committed no error.

The written instrument relied upon in the nature of a satisfaction of damages certainly amounts in legal contemplation to a waiver of any breach of the sale contract.

"A waiver is the intentional relinquishment of a known right, and there must be both knowledge of the existence of the right and an intention to relinquish it." (Hoxie v. Home Insurance Co., 32 Conn. 40; Lewis v. Phoenix Mutual Life Insurance Co., 44 Conn. 72.)

It is clear from the record that all of the alleged defects in the machinery, if defects in fact they were, were known to the defendant William X. Smith long prior to July 19, 1916, the date on which he executed the written instrument hereinabove set out, acknowledging full satisfaction of any and all claims or demands against the plaintiff, arising out of the purchase by him and the sale by the plaintiff to him of certain machinery for the purchase price of which the said notes were executed.

The defendants in no wise questioned the execution of the said release or satisfaction of damages, and did not in any way controvert the fact that the notes, the extension of the due date of which was made at the time of execution of said satisfaction of damages, were then long past due. In connection with the execution of said release or waiver of damages, no fraud was alleged, charged or attempted to be shown, and the plaintiff extended the time of maturity of said notes, as provided in the agreement.

A waiver, to be operative, must be supported by an agreement founded upon a valuable consideration. 50 L. R. A. (N. S.) 501, and note.

The contract of release of alleged damages was supported by a valuable consideration. Elliott on Contracts, page 408, par. 236; 5 Ruling Case Law, page 890; 1 Page on Contracts, page 549.

In the case of Hayes v. Smith, 65 Okla. 113, 164 Pac. 470, this court held: "Forbearance in the prosecution of an action is sufficient consideration for a 'contract." Stewart v. Edwards, 84 Okla. 207, 202 Pac.,

1032; Robertson et al. v. U. S. Live Stock Co. et al. (Iowa) 145 N. W. 535; Harvester Co. v. Patterson, 257 Fed. 411.

In the case of International Harvester Co. v. Burch (Mo.) 213 S. W. 493, a suit was brought on a note for a part of the purchase price of a gasoline engine warranted by the seller. A waiver of any alleged damages for breach of warranty was made by defendant in consideration of the extension of the time of payment of the note. The court in commenting upon the effect of the waiver said:

"He expressly waived all claims arising out of the purchase of the engine. The whole of his defense of failure of consideration and his counterclaim were included in and went with this waiver, and defendant by reason thereof is precluded from defeating recovery on the plea of failure of consideration, or on any item mentioned in his counterclaim, and this we hold independent of the considerations in the express warranty."

But the defendants say that this waiver, not being signed by the defendant Hilda Smith, could not be binding upon her, and that she could maintain the defense, irrespective of the waiver signed by William X. Smith, the purchaser of the machinery. This position we do not think tenable. While Mrs. Smith signed the notes and the mortgage sued on as a comaker with her husband, she was not the purchaser of the machinery, and she could maintain no action for the alleged breach of warranties contained therein, either in a direct proceeding, or by way of set-off or counterclaim to the suit of the plaintiff. If the plaintiff breached any contract of warranty or otherwise failed to measure up to its agreement by reason of which damage could be recovered or offset, it was the contract made with William X. Smith, and he alone is the person who can recover therefor. While the wife, Hilda Smith, signed the notes and mortgage as comaker, and there is nothing on the face of the notes to indicate other than that she is a principal thereon, she could not be discharged from liability on said note, merely by reason of the fact that her husband had executed a full release of damages to the plaintiff, in consideration of the extension of the notes which she had signed with him. She could only be discharged in the manner provided in article 9, Negotiable Instrument Act, or sections 4169-75, Rev. Laws 1910.

The causes for which a principal may be discharged are enumerated, but since the extension of time for payment to one of the joint makers of a promissory note is not enumerated therein, this transaction would not discharge her.

Plaintiffs in error make an extended argument on the propriety of a directed verdict in this case, and what conduct on the part of the seller of machinery, such as now in question, under a contract accompanied with warranties as herein contained, would operate as a waiver of notice of defects therein, required in such contracts to be given by the buyer, and cite extensive authorities thereon. But taking the view of the matter that the release was binding upon the defendant William X. Smith, that the extension of time of payment received therefor did not release his comaker, that the comaker, not being a party to the purchase contract, could not plead the damages, and that the chattel mortgage covered the other property complained of as having been converted by the plaintiff, we think the authorities cited by the defendants are not in point.

Where one party to an action contends that the opposite party has waived the rights insisted on at the trial, a question of fact for the determination of jury is usually presented, and the sufficiency of the evidence on the question of waiver is ordinarily left to the determination of the jury. Under this situation, the jury should be properly instructed as to what in law constitutes a waiver. But in cases where the facts relating to the question of waiver or release of rights now contended for are admitted, the question of whether there was a waiver no longer remains the question of fact to be passed on by the jury, but becomes a question of law. Under the record in this case, the alleged instrument waiving or satisfying claims for damages was in writing; it was in no wise disputed by either party; no fraud in its procurement was alleged; it was based upon a valuable consideration, and the effect of it was a question of law for the court to determine. There was nothing to submit to the jury. Swedish-American Natl. Bank v. Koebernick (Wis.) 117 N. W. 1020.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.