## CITY OF HOBART v. DAILEY.

No. 22685.   Dec. 18, 1934.

Clayton Carder, for plaintiff in error.

James R. Tolbert and Miles G. Tolbert, for defendant in error.

PER CURIAM. For convenience the parties hereto will be designated plaintiff and defendant, as they appeared in the trial court.

This action was commenced in the district court of Kiowa county, Okla., by F. A. Dailey, doing business as Ajax Construction Company, as plaintiff, against the city of Hobart, a municipal corporation, as defendant, to recover the sum of $2,588.90, together with interest alleged to be due him on a contract entered into between the parties for the construction of a sewer disposal plant and waterworks extension system for the city of Hobart. The plaintiff, in his petition, sought recovery on a number of items, practically all of which were eliminated by the judgment, and it is agreed that the only remaining matter and item in controversy is claim No. 4, being designated in the bidder's proposal as section II, item 6.

The contract as signed by the plaintiff and the city contained this provision (R. 16):

"It is hereby agreed and understood, that the 'Notice to Contractors' proposal, plans and specifications are made a part of this contract and included herein the same as if written in full."

The only reference to the compensation of the contractor is found in the following provisions of the contract (R. 14):

"That for and in consideration of the payments and covenants hereinafter mentioned on the part of the city to be made and performed, the contractor hereby covenants and agrees to and with the said city.

"1st. To furnish all necessary tools, machinery, equipment, labor and materials, required to perform in a perfect and thoroughly workmanlike manner the construction of sewage disposal plant and waterworks extensions as set out and in full accordance with the accompanying plans and specifications accepted and on file in the office of the city clerk, which are hereby

made a part of this contract, the same as if included herein, and are equally binding with the provisions of the same. * * *

"9th. The material to be furnished and the work to be done shall be in accordance with the plans and specifications and payments as set out in the specifications shall be made at the rate specified in the proposal made by the contractor and accepted by the city."

The plaintiff's proposal was in the form of a letter to the mayor and the city council, the opening paragraph of which is as follows (R. 9):

"We, the undersigned, agree to furnish and install complete, waterworks extensions and sewage disposal plant in accordance with the plans and specifications on file in the office of the city clerk, for the following itemized prices:

"Section I. Sewage Disposal Plant $8,-942.00."

Then follows a subdivision of this section into ten items. It is unnecessary to set forth these items in detail. They are of two classes, items 1, 2, and 3 specifying definite prices for structures, and items 4 to 10, inclusive, specifying the price per yard or foot for certain classes of work. Item 3 is illustrative of the first class and reads as follows (R. 9):

"Item 3. Chemical House and Chlorinator complete, as per plans and specifications, for the sum of:

"One Thousand, Two Hundred Fifteen and 00-100 ($1,215.00) Dollars."

Item 8 is illustrative of the second class, and reads as follows (R. 10):

"Item 8. Loose Rock Excavations, per cu. yd. One and 50/100 ($1.50) Dollars."

Section I is followed by "Section II. Waterworks Extensions $91,932.00."

This is divided into 13 items in a like manner to section I.

The present controversy arises out of item 6 of section II, which reads as follows (R. 11):

"Item 6. Repairs Northwest Lake $16,-572.00

"(a) Reinforced concrete slope pavement per sq. yd.; Three and 00/100 $3.00 Dollars.

"(b) Reinforced concrete per cu. yd.: Eighteen and 00/100 ($18.00) Dollars:

"(c) Excavation, per cu yd.: One and 00/100 (1.00) Dollars.

"(d) 10" Floating Intake installation complete: Nine hundred and 00/100 ($900.00.) Dollars.

"(e) Alternate (a) Gunite slope pavement per sq. yd.: Five cents ($0.05) Dollars."

"(f) Bermuda grass set, per sq. yd.: Five ($.05) Dollars."

The plaintiff contends that item 6 constitutes a flat bid of $16,572 for the repairs on Northwest Lake, which includes the work as called for in the plans and specifications; and that the unit prices set forth in this item in his proposal were for the purpose of determining the amount of additions or deductions and of making monthly estimates as the work progressed. The record discloses with reference to this item that in some respects the amount of work was very much less than the estimates made by the city's engineer in the plans and specifications, and in one or two instances there were more yards of earth excavated than estimated.

The city contends that since the engineer's plans and specifications, the notice to contractors and the proposal of the plaintiff are specificaly made a part of the contract, the same as if included therein in full, the contract must be construed as a unit price contract, as distinguished from a lump sum contract. If so construed, the plaintiff has been fully paid for all items furnished at the stated price per unit, and is not entitled to recover. With reference to this contention counsel for the plaintiff say at page 16 of their brief:

"Counsel insists, page after page in his brief, that the plans and specifications and the notice to contractors called for a unit bid. We have never denied this, and agree to it here now. Counsel further insists that, by reason of these requirements, the plaintiff's flat bid, in violation of these requirements, should be ignored."

Counsel for plaintiff argue in their brief, under proposition I, that where a person offers to do a definite thing, and the party to whom the offer is made accepts conditionally, or introduces a new and material term into the acceptance, his answer constitutes a counter proposal, and there is no agreement; but when the party to whom the counter proposal is made accepts it, such counter proposal and acceptance constitutes a binding contract, and cites in support thereof the following cases: Hart-Parr Co. v. Brockreide, 77 Okla. 277, 188 P. 113; Rock v. Fisher, 115 Okla. 53, 241 P. 496; St. Louis Smelting & Refining Co. v. Nix, 101 Okla. 197, 224 P. 982; Foster v. West Publishing Co., 77 Okla. 114, 186 P. 1083.

In our opinion this proposition of law and the authorities cited in support thereof

have no application to the situation presented by this record. Counsel for plaintiff and defendant, respectively, contend that the contract is not ambiguous, but widely disagree as to its construction. The trial court admitted evidence in support of their divergent theories and rendered judgment in accordance with the theory of the plaintiff. This was error.

We entertain grave doubt as to whether the city could lawfully accept a flat bid in violation of the plans and specifications and the notice to contractors, but from the view we take of the case it is unnecessary to pass on this question. If there is any ambiguity in the contract, this question would doubtless have great weight, and this court would be slow to adopt any construction that might render the contract unlawful. Section 9467, O. S. 1931. We agree, however, that the contract is not ambiguous. Therefore, its construction was and is a matter of law for the court. Parol evidence was inadmissible to vary its terms. The case is ruled by the decision of this court in Frazer v. City of Ardmore, 103 Okla. 31, 229 P. 143, where a similar contract was under consideration. The contract in that case contains a provision that the contractor should receive the sum of $19,915.92, but further provided that the plans and specifications should be a part of the contract. This court construed the contract as providing for compensation on a unit price basis as distinguished from a lump sum contract. We quote from the opinion:

"It is obvious that the trial court in the instant case construed the contract in connection with the plans and specifications, bidding sheet and estimates submitted by the city engineer, and found that the contract was not based upon a lump estimate of the cost, but based upon an estimated unit price, and that since the contract was within the estimated unit price, a mere difference in quantity of the materials between the original estimate and the final measurement would not make the assessment void, so long as the contract price per unit was adhered to in the final calculation. * * *

"If this had been a lump sum contract, as distinguished from a unit price contract, we can see no good reason for carrying into the contract the unit prices as shown by the plans and specifications, and in observing in minute detail in the proceedings leading up to the contract the units of measurement and the prices per unit, as was done in the engineer's estimates of quantity and the bidding sheet attached to the plans and specifications, and we do not think that the provision in the contract that the contractor should receive for the work the sum of $19,-915.92 necessarily inconsistent with the contract when taken and construed as a whole, in the light of the surrounding circumstances and in the light of the entire record."

This court further said:

"Our conclusion is that the proper construction to be placed upon the contract in the instant case is to consider the specifications and bidding sheet and the estimate together with the proposal of the contractor in determining what was the true meaning of the contract, and that when taken together the proper construction of the contract is that it was intended that the contractor should receive pay only for the work performed at the unit prices named in his proposal."

The above rule is applicable to the case under consideration and in our opinion the contract is not susceptible of any reasonable construction other than that the contractor was entitled to compensation on the unit price basis. The plans and specifications, as well as the notice to the contractors, called for bids on a unit price basis, and as we construe the contract the plaintiff's bid was made on that basis. The judgment is, therefore, reversed.

The Supreme Court acknowledges the aid of Attorneys Robert M. Rainey, D. A. Richardson, and John F. Webster in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rainey and approved by Mr. Richardson and Mr. Webster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.