KYLE et al. v. MASSEY.

No. 26269.    May 5, 1936.

Jean R. Reed, for plaintiffs in error.

Robert B. Thomas, for defendant in error.

PHELPS, J. The defendant Mrs. H. B. Kyle owned a tract of farm land. On November 15, 1933, she executed a written agricultural lease thereof to L. E. Massey. Massey was to have possession on January 1, 1934, and the lease was to expire on January 1, 1935, unless extended for a period of one year under provisions contained in the lease which are unnecessary to discuss, due to the fact that the lease could not be construed as being for a period of time in excess of two years. Massey did not demand possession on January 1, 1934, but on January 18, 1934, assigned the lease to his father, who is the plaintiff in this case. Plaintiff was unable to obtain possession from Mrs. H. B. Kyle, the owner, and he thereafter recovered a verdict and judgment against her and her husband for damages by reason of that fact. There are several meritorious contentions made by defendants, but it is necessary to consider but one of the propositions.

In appealing, the defendants bring to our attention section 10906, O. S. 1931, reading:

"No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another, without the written assent of the landlord or person holding under him."

The evidence does not reveal that the defendants gave written assent to the assignment. Plaintiff does not contend that there was any such written assent, but prevailed in the trial court upon the theory that the defendants waived the required written assent. On this question there was considerable evidence. The plaintiff testified that subsequent to the assignment he went to a drug store operated by the defendant William Kyle, husband of the other defendant, that the said William Kyle was acting as the agent of his wife, and there orally promised plaintiff that when the defendants should succeed in dispossessing a tenant by the name of Drew, who was then occupying the place, it would be satisfactory for plaintiff to enter and take possession. The plaintiff testified that William Kyle made such statements to him on several occasions. The plaintiff's testimony, however, is wholly devoid of any statement that the husband ever unconditionally promised plaintiff possession of the place, or recognized the validity of the assignment. In every instance referred to in plaintiff's testimony it appears that the question of his anticipated possession of the premises was expressly hinged upon the contingency of ousting the tenant then in possession. It appears that a lawsuit was at that time pending between the Kyles and that tenant, Drew, and that this fact was brought to plaintiff's attention on every occasion when he conversed with Kyle. The lawsuit which was pending at that time was won by the tenant, Drew, and it was only by compromise and settlement of the differences between Drew and the Kyles, subsequent to Drew's victory in that lawsuit, that the defendants induced him to leave the premises. By that time the defendants had "investigated" the plaintiff, and refused him permission to farm the land. Neither he nor his son ever occupied the farm.

The foregoing statement of facts is the narrative thereof which would be most favorable to the plaintiff. We assume that they are the facts, and that the jury ignored or disbelieved the testimony of the defendants and others to the effect that no promise or assent of any kind, conditional or otherwise, was ever made to plaintiff.

The sufficiency of the evidence on the question of waiver is ordinarily left to the determination of the jury. But in cases where the facts relating to the question are admitted, the question of whether there was a waiver no longer remains a question of fact but becomes a question of law. Smith v. Minneapolis Threshing Machine Co., 89 Okla. 156, 214 P. 178. In the instant case the facts were not admitted, and it was necessary for the jury to pass thereon. Nevertheless, in this as in any other case, there arises the question of whether the facts, with all reasonable inferences to be drawn therefrom, and considered in their aspect most favorable to plaintiff, constitute circumstances satisfying the legal requirements of the thing attempted to be

proven. The question becomes: Assuming that everything the plaintiff testified to was true, is this sufficient in law to constitute a waiver?

"Waiver" has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right. Smith v. Minneapolis Threshing Machine Co., supra; Liverpool, etc., Ins. Co. v. T. M. Richardson Lmbr. Co., 11 Okla. 585, 625, 69 P. 938. The statute is plain, clear, and unambiguous on the subject; it appears to have been designed for just such instances as are here involved. All cases which have been brought to our attention, holding that the landlord may by act or deed waive the statutory restriction, involved situations wherein there was proof, or at least some evidence, of clear and unequivocal assent to the assignment, by conduct; such, for instance, as accepting rent from the assignee, or other conduct not consistent with a denial of the right of assignment. We do not feel justified in extending the doctrine to instances such as are evidenced here. The assent here, and the extent thereof, which the jury was authorized to believe from the evidence, was entirely contingent, and dependent upon the successful ouster of the tenant then in possession. If and when the owner of the land should succeed in ousting the tenant in possession, then the plaintiff could enter. This was not an assent, it being at the most contingent, dependent upon a future event which may or may not happen. Waiver of a restriction imposed by the plain language of the statute law is a liberal doctrine to begin with: when it is sought to yet further extend it by such a situation as is involved in the instant case, we arrive right back at the evil against which the statute was enacted. Even should we disregard the conditional and contingent nature of the assent, and construe it as being unqualified and unequivocal, the fact would remain that the assent, if there was one, was purely oral. We cannot hold that an oral assent is a waiver of the statutory requirement that it be written, for the two are directly opposite. If there were other facts and circumstances, in addition to the oral assent, evidencing an intention to waive the statute, the situation might be one warranting the inference that the statute was waived, but the sole and only evidence of assent here is the conversation of the parties, unaccompanied by any extrinsic circumstances evidencing assent. If we should hold that this is a waiver, it would simply be holding that the violation of the statute is in itself sufficient to waive the statute, for oral assignments are the very thing prohibited by the statute. There is nothing in evidence here upon which to base a finding that the landlord waived the statute; there is no act of his, recognizing the assignment, other than the claim that he orally consented thereto, the very thing which the statute forbids.

It is to be expected that under circumstances similar to those involved herein the parties would radically differ as to the nature of the oral agreement. In the absence of some evidence of that which would really constitute a waiver, it should not be held that the statute is inapplicable. For that reason we deem it our duty to be guided by the statute law. The judgment is reversed and the cause remanded, with directions to enter judgment for the defendants.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS, J., absent.