### COLBY v. HILL.

No. 25544. Sept. 29, 1936.

C. G. Moore, for plaintiff in error.

Roy Glasco, for defendant in error.

McNEILL, C. J. This action presents the question of attachment of certain crops under a farm lease.

Plaintiff, acting through her husband, as her agent, rented 250 acres of farm land to the defendant for the year 1929, under a written lease, reserving as rents 1/3 of the hay baled; 1/3 of the oats and corn; 1/4 of the cotton and broomcorn; the hay to be put in the barn and the corn to be delivered in cribs.

Plaintiff alleged that the defendant had not paid the rent and had sold some of the corn, cotton and hay, and was disposing of the other portions of the crops in violation of the lease contract and by reason thereof plaintiff was entitled to the pos-

session of the crops and the issuance of a writ of attachment.

The defendant filed a cross-petition and sought to recover the sum of $309.14 as his portion of the rent of the lands and for work and labor performed in making repairs and improvements on the lease.

The cause was tried before a court and jury. Judgment was rendered for defendant on his cross-petition. Plaintiff appeals and stresses as assignments of error that she was denied a fair and impartial trial by reason of the failure of the trial court to dismiss the panel of jurors; that parol testimony was introduced to vary the terms in the lease contract; and error in the instructions which were given to the jury.

In reference to the first assignment of error concerning the dismissal of the panel of jurors, it appears that Dr. Colby was tried and convicted on a felony charge by jurors serving on the panel from which the jury was selected in the instant case. Plaintiff sought to have the jury dismissed after their voir dire examination. There was no compliance with the statutory provisions which provide for a challenge to a panel of jurors or to an individual juror. Under section 2982, O. S. 1931, a challenge to a panel must be taken before a jury is sworn and such a challenge must be in writing and plainly and distinctly specify the facts constituting the ground of challenge. The challenge in the instant case was made after the jury was sworn to try the issues in this case and the record does not show the voir dire examination or that plaintiff exhausted all of her peremptory challenges. This court, upon review of an assigned error of this character, in determining whether a plaintiff is denied a fair and impartial trial by reason of the trial court refusing to dismiss the panel of jurors, must have the evidence, if any, incorporated in the record. Substantial compliance with these directory provisions of the statute must be required. There is no merit to this contention as shown by the record in this case.

Plaintiff contended that the trial court erred in admitting parol evidence to vary the terms of the lease contract. It appears that the defendant sublet a part of the premises and testimony was introduced to show that the plaintiff had agreed to this subletting and had acquiesced thereto, but plaintiff contends that this evidence sought to vary the provisions of the rental contract which stated that the premises could not be sublet without the written 'consent of plaintiff. Defendant, in his cross-petition, pleaded waiver of the provisions of the contract.

Under the rule announced in the case of Jones v. Moncrief-Cook Co., 25 Okla. 856, 108 P. 403, the strict terms of a written contract may be waived by a subsequently executed parol agreement, and a landlord, under such conditions, cannot claim that a subletting is void by reason of his oral consent thereto even though the contract provides that the same must be in writing. See, also, Rose v. Beller, 106 Okla. 143, 233 P. 454; 35 C. J. 1172. We find no error in the ruling of the trial court on this question.

The plaintiff also contends that the court erred in permitting the defendant to testify as to labor performed by him in constructing a bridge and building a barn on the farm, and that this testimony violated a part of paragraph 11 of the rental contract, which provided:

"Party of the first part shall not be liable to party of the second part for any work done on the place."

Paragraph 10 of the rental contract provided:

"It is mutually agreed by both parties to this contract that for all improvements made on said farm the price for doing same shall be agreed upon by the parties to this contract in advance of any work done by the party of the second part."

The improvements made were permanent, and the testimony showed that the price for labor in constructing the permanent improvements was agreed upon before the labor was performed. We agree with the conclusion reached by the trial court that that part of the contract providing that the plaintiff should not be liable for any work done on the place referred to labor in the production and harvesting of crops which is customarily required of the tenant, and that the part of the contract which provided that the pay for labor done in constructing improvements should be agreed upon in advance of the performance of the work referred to labor in constructing permanent improvements on the premises and contemplated that if the defendant performed any such work on the premises, he should receive pay therefor. The evidence of the defendant showed that plaintiff owed him $6 for hauling lumber to build a barn, $7.50 for three days' carpenter work in building a house, and work on crossings and culverts, $37. This was work on permanent improvements. The two provisions of the contract are not inconsistent. The construc-

tion of an unambiguous contract is a matter of law for the court. City of Hobart v. Dailey, 170 Okla. 107, 39 P. (2d) 44.

The plaintiff contends that the lower court erred in giving certain instructions to the jury.

The instruction objected to dealt with the recovery of defendant against the plaintiff for the sale of a cornfield and meadow to Sparlin & Gray for the sum of $240 which plaintiff collected. The defendant claimed half of the proceeds of sale. The plaintiff argues that this was a violation of the 6th paragraph of the lease contract, which is as follows:

"All stubble lands shall be turned over to the party of the first part, or his legal representatives as soon as the crops are removed from same, and not later than the 15th of August of the said year."

The evidence shows that the corn had not been gathered and that the meadow land, although it had been mowed once, could have been mowed again. The cornfield and meadow, which were sold, were not stubble, as that term was used in the lease contract. 60 C. J. 668. There was no error in submitting to the jury the issue as to whether the defendant was entitled to one-half of the proceeds of the sale of those crops in the field.

The evidence supports the verdict, and we find no error in the instructions. Substantial justice has been done.

The judgment is affirmed.

OSBORN, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.