## HARMON v. METCALFE.

No. 33810.  Jan. 9, 1951.

Rehearing Denied Jan. 30, 1951.

*226 P. 2d 979.*

Judd L. Black, Oklahoma City, for plaintiff in error.

Jack High, Oklahoma City, for defendant in error.

CORN, J.  This is an appeal from a judgment rendered upon a jury verdict

in an action by plaintiff for unlawful and forcible entry and detainer of a building occupied and operated by defendant as a hotel.

December 10, 1946, the plaintiff, by her agent Campbell, leased the second and third floors of the building to defendant's sister, Axie Lee Hale. The lease was for one year, at a monthly rental of $125. The lease contained a provision prohibiting assignment or subletting of the premises without plaintiff's written consent.

During negotiations defendant accompanied Mrs. Hale when she called upon the agent to discuss the matter. At that time Mrs. Hale advised Campbell she intended to put defendant in possession. The agent advised her the building would be leased only to her, but that it did not matter who she put in possession so long as she signed the lease, since she was known to be financially responsible. After execution of the lease Mrs. Hale paid the first four or five months' rent by check. At the trial there was testimony that for a few months thereafter the defendant gave her the rent money and she forwarded her check as a matter of convenience.

February 26, 1947, Mrs. Hale executed a bill of sale purporting to transfer and assign all title and interest in the business, and to assign and sublet the lease to defendant.

July 8, 1947, plaintiff's agent leased the property to another for other purposes, effective upon expiration of Mrs. Hale's lease, and notified Mrs. Hale to this effect. At that time she advised the agent she had no further interest in the property, and anything pertaining thereto would have to be discussed with defendant, who had possession and control of the property. Both Mrs. Hale and defendant were advised of plaintiff's intention to seek possession of the property. Subsequent thereto defendant and Campbell discussed the matter of his surrendering the property. There was testimony that Campbell offered defendant six months' free storage of his hotel fixtures on the third floor if he would give possession of the second floor of the building. However, at no time during this period was Campbell advised that Mrs. Hale had assigned her lease to defendant, although the agent knew that defendant was in possession, and accepted defendant's personal check for the rent for the months of September, October, and November.

November 5, 1947, plaintiff served defendant with written notice of intention to terminate the tenancy at expiration of the lease on December 10, 1947. Defendant thereafter tendered his check for the rent in advance for the remainder of the term, which plaintiff accepted. A like notice was served upon Mrs. Hale, who thereafter wrote the agent and enclosed a copy of what purported to be an assignment of her lease to defendant, this assignment being dated November 28, 1947.

December 4, 1947, plaintiff served written notice upon defendant of her intention to exercise the right to reenter and take possession of the premises because of the unauthorized assignment of the lease. Thereafter defendant was served with a three-day notice to vacate, and then suit was brought in the justice court, where defendant had judgment. Plaintiff appealed to the common pleas court, where the judgment herein appealed from was rendered in plaintiff's favor.

In presenting the argument for reversal of this judgment it is defendant's theory that the facts and circumstances were sufficient to show plaintiff's knowledge of, and consent to, his occupancy of the premises; and, that by acceptance of rent in advance after having such knowledge, plaintiff waived any breach of the conditions of the lease. The argument offered may be summarized as follows: Defendant urges (1) the facts and circumstances disclosed the existence of a landlord and tenant relationship, which made a 30-day notice a jurisdictional necessity

in order for plaintiff to terminate the tenancy; (2) the landlord and tenant relationship prohibited defendant's eviction, because of applicable Federal rent regulations.

Defendant first contends plaintiff failed to prove facts sufficient to entitle her to recover, and that the court either should have sustained a demurrer to the evidence, or a motion for directed verdict in defendant's favor. As the basis of this argument defendant urges that breach of a lease restriction may be waived by conduct of the parties; and, that a landlord and tenant relationship may be created by acceptance of rent paid in advance, in which event the relationship continues until legally terminated.

At the trial there was evidence to show that Mrs. Hale advised plaintiff's agent that defendant was to operate the hotel; and, when told that the property was leased to another, she again told him that defendant had possession and control of the premises and she, as the lessee, had nothing further to do with the property. Further knowledge of defendant's possession was brought home to the agent during several conversations with defendant in the month of October, 1947, when they were discussing the matter of defendant surrendering possession. There was further testimony that the agent offered defendant six months' rent free storage if he would give up possession of the second floor. Defendant testified that during the conversations in October he told Campbell that he had purchased Mrs. Hale's interest, and thereafter all dealings should be with him. After plaintiff's written notice to defendant to terminate the tenancy, which defendant insists was a written acknowledgment of his tenancy, plaintiff accepted rent payments from defendant. It is urged that the foregoing absolutely establishes plaintiff's waiver of the breach of the lease restriction against assignment, and that thus plaintiff was estopped from declaring a forfeiture

thereof, and that as a result defendant became a tenant at will.

Contrary to the above, plaintiff's evidence was that from the inception of negotiations it was understood that defendant would be in charge of the property, but plaintiff made no direction or demand in this respect, since Mrs. Hale was known to be solvent and was responsible upon the lease, which facts plaintiff made clear at all times. Plaintiff's agent testified that at all times they looked to Mrs. Hale for rent due under the lease; that no mention ever was made of any assignment prior to the time a copy of the November 28, 1947, assignment was received through the mail; in none of the conversations with defendant or Mrs. Hale between July and November did either of them make mention of any assignment of the lease to defendant.

On cross-examination defendant admitted that during conversations with Campbell in the month of July the lease was not mentioned, and he did not say anything about the assignment. Likewise, Mrs. Hale testified that, although she told Campbell she had nothing to do with the property and had never been in possession, she made no mention of having assigned her lease.

Defendant cites and relies upon decisions of this court defining waiver, and holding that the right of forfeiture of a lease because of breach of a covenant therein contained may be waived by conduct which is inconsistent with an intention to take advantage of such a right. Jones v. Moncrief-Cook Co., 25 Okla. 856, 108 P. 403; Howard v. Manning, 79 Okla. 165, 192 P. 358; Smith et al. v. Minneapolis Threshing Mach. Co., 89 Okla. 156, 214 P. 178; Kyle v. Massey, 177 Okla. 26, 57 P. 2d 595; Colby v. Hill, 177 Okla. 511, 61 P. 2d 207; Caldwell v. Boedeker, 199 Okla. 467, 187 P. 2d 236.

Particular reliance is placed upon the rule announced in the Caldwell case, supra, it being urged that such de-

cision is determinative of the present appeal, inasmuch as we held therein that a landlord's acceptance of rent in advance from a tenant in possession thereby created a tenancy at will. The factual dissimilarity between the cited case and the present appeal precludes application of the rule therein announced to the present situation.

Whether the circumstances in a particular case are sufficient to establish waiver of a breach of a lease contract ordinarily is a question of fact for the determination of a jury. 32 Am. Jur. Landlord & Tenant, §882; Kyle v. Massey, supra; Smith v. Minneapolis Threshing Mach. Co., supra.

Measured in the light of our rule regarding the trial court's duty in considering a demurrer to the evidence, or a motion for a directed verdict, we are unable to say that the evidence most favorable to defendant, and all reasonable inferences to be drawn therefrom, was sufficient to have justified the trial court in deciding, as a matter of law, that plaintiff had waived the breach of the lease agreement. Although payment of rent in advance, and acceptance of same by the landlord, is recognized as a strong circumstance tending to indicate the existence of a tenancy, it likewise is recognized that such payment may be made under circumstances which rebut the idea that a tenancy may have existed. See Caldwell v. Boedeker et al., supra, which recognizes such exception.

The testimony outlined heretofore was conflicting, and it was for the jury to determine from such evidence whether plaintiff had waived her rights and accepted defendant as a tenant. The jury's verdict, under instructions from the court and to which no exceptions were taken, was a finding that plaintiff did not waive her right to take advantage of the lessee's breach of the lease agreement, and did not recognize defendant as her tenant. Under our settled rule, the jury's verdict upon controverted questions of fact is decisive, and will not be disturbed on appeal where there is competent evidence reasonably tending to support such verdict. Cole v. Harvey, 200 Okla. 564, 198 P. 2d 199.

It is next contended that because defendant was a tenant during the period the Federal Housing & Rent Act of 1947 was in force, that plaintiff was bound to establish compliance therewith before she was entitled to evict him, and that the evidence showed her failure to do this.

The Housing and Rent Act of 1947, Public Law 129 (80th Congress) 50 U.S.C.A. §1899, in part, provides as follows:

"Sec. 209. (a) No action or proceeding to recover possession of any controlled housing accommodations with respect to which a maximum rent is in effect under this title shall be maintainable by any landlord against any tenant in any court, notwithstanding the fact that the tenant has no lease or that his lease has expired, so long as the tenant continues to pay the rent to which the landlord is entitled unless-

"(1) under the law of the State in which the action or proceeding is brought the tenant is (A) violating the obligation of his tenancy (other than an obligation to pay rent higher than rent permitted under this Act or an obligation to surrender possession of such housing accommodations) or (B) is committing a nuisance in such housing accommodations, or using such housing accommodations for an immoral or illegal purpose or for other than living or dwelling purposes;

"(2) the landlord seeks in good faith to recover possession of such housing accommodations for his immediate and personal use and occupancy as housing accommodations;

"(3) the landlord has in good faith contracted in writing to sell the housing accommodations to a purchaser for the immediate and personal use and occupancy as housing accommodations by such purchaser;

"(4) the landlord seeks in good faith to recover possession of such housing accommodations for the immediate pur-

pose of substantially altering, remodeling or demolishing them and replacing them with new construction, and the altering or remodeling is reasonably necessary to protect and conserve the housing accommodations and cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State or local law for the alterations, remodeling or any construction planned."

The evidence showed Mrs. Hale leased the property for the purpose of operating a hotel, and defendant occupied and operated the property as such. Plaintiff's agent testified that in July, 1947, he advised her the property had been leased to another, effective upon expiration of her lease, because of the increased rent it was possible to secure.

The entire argument is based upon the assumption that defendant was plaintiff's tenant, which provides the basis for the contention that because plaintiff failed to establish that she came within any of the above enumerated exceptions, no right existed to evict defendant and plaintiff therefore, ignored the Federal rent regulations and wrongfully evicted defendant. Numerous decisions from other courts are cited to support such argument. Under the view herein taken it is unnecessary to consider the authorities relied upon, since they all appear to be cases involving an element of tenancy.

We pointed out heretofore that the jury's verdict established that defendant was not a tenant, since the jury determined that the circumstances did not show a waiver of the breach of the lease agreement by plaintiff. The applicable provisions of the rent regulations provide that a breach of the obligations of a tenancy should be one ground for which eviction proceedings could be brought under state laws. Our statute (41 O.S. 1941 §11) reserves to the landlord the right to re-enter after ten days' notice, upon the tenant's violation of his lease. Since defendant never was plaintiff's tenant, the impossibility of his claiming benefit of the Federal rent regulations is apparent.

Defendant further contends that the judgment should be reversed because of prejudicial errors allegedly committed during the course of the trial, and which affected substantial rights of the defendant. Consideration of the record impels the conclusion that defendant's rights were not prejudiced, and this contention is without substantial merit, making, it unnecessary to separately consider each portion of the argument supporting this contention.

Judgment affirmed.

LUTTRELL, V.C.J., and WELCH, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.