ST. LOUIS–S. F. RY. CO.

v.

VAN HOY.

No. 35694.

Supreme Court of Oklahoma.

March 30, 1954.

E. G. Nahler, Satterfield, Franklin & Harmon, Oklahoma City, for plaintiff in error.

C. E. Mitchell, Pawnee, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

Plaintiff sued defendant for damages resulting from an accident at an intersection of defendant's railroad and a private road which crossed it. Plaintiff's petition alleged negligence on the part of the railway engineer in failure to use ordinary care in stopping the train; it also alleged facts under which what is called the "last clear chance" or "humanitarian" doctrine might be applicable. Plaintiff recovered judgment in the lower court and defendant has appealed, arguing the alleged errors under 4 propositions.

The pertinent part of the evidence herein may be fairly summarized as follows: defendant's railroad track ran generally northwest to southeast through a certain farm on which plaintiff was employed at the time of the accident. Plaintiff was crossing the railroad at the private crossing above referred to in order to get to a field on the east side of the track. After crossing the track, he stopped his (borrowed) car some 20 or 25 feet away from the track in order to open a gate, leaving the car with the motor turned off and in second gear, to keep it from rolling back down a slight grade onto the track. After opening the gate, he returned to the car and tried to start the motor; however, he had trouble doing so, and each time he took his foot off the foot brake and put it on the starter the car would roll back a little before he could get his foot back onto the brake. This continued until the car had rolled back to a point very close to the east rail of the railroad track. There was evidence that about 1,000 feet southeast of the private crossing there was a public crossing where the railroad intersected a highway and that beyond the public crossing and some 200 feet further southeast there was a curve in the railroad from which the view up to the point of collision was unobstructed. Very shortly after the car came to rest, it was struck by defendant's train.

◼ Defendant's first proposition on appeal is to the general effect that the jury's verdict is not supported by the evidence, and that the demurrer to the evidence and motion for directed verdict should have been sustained. In this connection defendant argues that there is a total lack of evidence that the engineer had time to stop the train after the automobile rolled back against the track. (It is undisputed that the engineer first saw the vehicle while the train was still about 1,000 feet away, and that the train could have been stopped in about half that distance. However, the engineer said he thought plaintiff's car would stop before reaching the railroad track). It is true that plaintiff's evidence on this point is not as clear as it might have been, and it is arguable that the weight of the evidence is in favor of defendant on this point. However, it is well settled that in a case of legal cognizance where there is any competent evidence reasonably tending to support the jury's verdict, it will be sustained. Kelley v. McKay, 120 Okl. 215, 251 P. 82; Harmon v. Metcalfe, 204 Okl. 79, 226 P.2d 979.

◼ An examination of the record with reference to this question shows that plaintiff testified that immediately after the accident, the brakeman of the train, referring to the engineer, said, "he could have (stopped), but he has got fifty extra heavy loaded cars, and if he had stopped he would have had to double out". Also, plaintiff himself testified that when the car rolled back against the track, the train was about 300 or 350 yards away (in which distance the train could have been stopped). Although, from the context, it is arguable that he inadvertently said "yards" when he meant "feet" (and this is the gist of defendant's argument under this proposition) we hold that plaintiff's testimony, plus the statement attributed to the brakeman above

quoted, plus the written statement of plaintiff taken a day or so after the accident wherein he said he saw the train as it came around a curve, described elsewhere in the evidence as 200 feet south of the highway crossing, above referred to, and other testimony of the plaintiff that the car had stopped rolling when he first saw the train, constituted sufficient evidence on this question to justify the overruling of the demurrer and motion for directed verdict, and the first proposition is therefore without merit.

The second proposition is that the court erred in admitting in evidence the above quoted statement attributed to the brakeman, and other statements attributed to the brakeman and engineer said to have been made within a very few minutes after the accident. In support of this contention, defendant cites Missouri, O. & G. R. Co. v. Adams, 52 Okl. 577, 153 P. 200, to the general effect that statements made in response to specific questions, and statements amounting to a narration of what happened, are not admissible as a part of the res gestae. That case is not applicable here for the reason that the statements objected to in this case were not made in answer to questions and did not constitute a narration of "what occurred".

The theory under which statements are admissible in evidence as a part of the res gestae is that they are so spontaneous and so related to the occurrence in question as reasonably to appear to have been evoked and prompted thereby, 20 Am.Jur., Evidence, sec. 662; 32 C.J.S., Evidence, § 403; and that they are so related to the main fact in point of time as to exclude the idea of deliberation or fabrication. In the instant case, the train was brought to a halt as rapidly as possible after the accident, and the engineer and brakeman then got out of the train and ran to where plaintiff lay, injured, on the ground; the statements concerned were then allegedly made by them in the course of a short conversation with plaintiff, who was conscious, but not in response to any direct questions by him. We hold that they were admissible as part of the res gestae. Gibson Oil Co. v. Westbrooke, 160 Okl. 26, 16 P.2d 127.

The third proposition is that the court erred in giving his instruction number 12. The argument is that this instruction included a statement of the law as to the duty of the engineer to keep a proper lookout, and that this issue was not included in the pleadings.

Although it is true that the petition did not in terms say that the engineer did not keep a proper lookout, it is arguable that such issue was included from the general statement of facts and allegations in connection therewith. It is well settled that strict formality is not required in pleadings, and that substance, and not form, is the measure of the sufficiency of the allegations. 71 C.J.S., Pleading, § 38 at page 99.

However, under the facts in this case, we are not required to discuss this specific question further, for the reason that the defendant could not possibly have been prejudiced by the instruction complained of. Here, the engineer, although he said he thought the plaintiff's car would stop before rolling clear back to defendant's track, specifically admitted that he saw the automobile while his train was still 1,000 feet away (he could have stopped in a much shorter distance), and plaintiff introduced no evidence to the contrary; it therefore cannot reasonably be said that the jury's verdict is based upon a finding that he failed to keep a proper lookout. To the contrary, the only logical basis for the verdict is that the engineer, having seen the automobile, did not use proper care in stopping his train. See Parker-Gordon Cigar Co. v. Chicago, R. I. & P. R. Co., 94 Okl. 149, 221 P. 711, wherein the court said:

"Although an instruction may not contain a proper statement of the law or may not be applicable to the issues involved, yet, if it is clearly apparent from the whole record that no prejudice has resulted from the giving of said instruction, the error will not be considered on appeal."

To the same general effect are Cosden Pipe Line Co. v. Berry, 87 Okl. 237, 210 P. 141; and Day v. Ferguson, 129 Okl. 22, 263 P. 126.

Defendant's last proposition is that instruction 15 was objectionable for the same reasons as instruction 12. No separate discussion of this proposition is contained in the brief, and it requires no separate treatment here. It should perhaps be noted that

both instructions deal generally with proper subjects (the duty of defendant under the circumstances, and the "last clear chance" doctrine) and the statements about keeping a proper lookout are of an incidental and harmless nature.

In a supplemental brief, defendant complains of instruction number 11, which is as follows:

"In judging the care exercised by the plaintiff, reasonable allowance should be made for the circumstances of the case; and if the plaintiff is suddenly put in peril, without having time to consider all the circumstances he is excusable for omitting some precautions ·or making an unwise choice, under this disturbing influence, although, if his mind had been clear he ought to have done otherwise."

Defendant argues that this amounts to an instruction on the defense of sudden emergency, which was not pleaded and was therefore erroneous, and cites in support thereof Overstreet v. Bush, 208 Okl. 365, 256 P.2d 416.

It is obvious that the above instruction was given for the benefit of plaintiff, not defendant, and that it was not an instruction on the defense of sudden emergency. It was justified in this case by reason of the fact that when plaintiff realized that the train would not stop in time to avoid hitting his car, he jumped from it and, in his excitement, ran along the side of the railroad track instead of directly away from it. The evidence before the jury in this connection was to the effect that a ditch and steep bank on his right (and, of course, the track to his left) prevented plaintiff from escaping before being struck, as he testified, by a wheel thrown from the trunk of the car upon the impact of the train with it. The instruction was proper on the question of whether or not plaintiff could have mitigated his damages herein.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and DAVISON, ARNOLD, and BLACKBIRD, JJ., concur. HALLEY, C. J., and CORN and O'NEAL, JJ., dissent.